## CONWAY vs. NOLTE.

1. An officer selling property under execution, is agent of both plaintiff and defendant, and he is bound to protect the interests of both. A sheriff is not bound to accept a bid without reserve. If he can see that a sacrifice of property will be prevented by a little delay, he may return "no sale for want of bidders."

2. Where, at a sale, property was sold, and the purchaser had until 5 o'clock in the afternoon to pay the money, the law requiring the sale to be before five, the sheriff had no right to re-sell a few minutes before five, and a tender of the money on the next morning by the first purchaser is sufficient.

## APPEAL from St. Louis Court of Common Pleas

EAGER & HILL, *for Appellant, insist:*

The sheriff was entitled to judgment on the motion,—

1. Because the sale was advertised between the hours of 9 and 5 o'clock, for cash, and the defendant bidding under it, failed to pay or offer to pay on the day of sale. See R. C. 1845, p. 483, sec. 42.

2. The statute is mandatory, and the officer was bound to sell for cash between the hours specified in the advertisement, and the defendant knew the terms of sale.

3. The defendant contends that no deed was ready for the defendant. He came not on the day of sale. Besides, the officer is bound to acknowledge all deeds in open court. He is therefore not bound to acknowledge and prepare a deed before he is paid the purchase money. The sheriff is a public officer, and his sale is upon terms. No excuse can be offered by a party unless he complies with the terms of the sale.

4. The defendant has not put himself in a condition to dispute the regularity of the second sale. He ought to have tendered the money to the sheriff, or have paid it into court, if he had wished to question the re-sale.

5. The defendant excepts to the transcripts and executions. The Ryan *execution and transcript* are regular, but the defendant has no right to dispute them. He is not a privy.

Scott, J., *delivered the opinion of the Court.*

This was a motion by Conway, the sheriff of St. Louis county, against Nolte, for refusing to pay for property purchased by him at a sale made by the sheriff. Conway having several executions against Mead & Beakman, levied them upon a leasehold estate belonging to the said defendants, which being advertised according to law, was sold at 12 o'clock on the day appointed for the sale, when Charles Nolte became the purchaser, for the sum of $230. The money was required to be paid by five o'clock of the day of sale, as the officer thinks. Nolte not paying it, at a few minutes before five, the property was resold, when Mr. Cook became the purchaser for the sum of $50. Nolte did not return on that day, and had no notice of the second sale, and was not told that the property would be resold unless the money was paid by the appointed time. It frequently happened that property was not paid for on the day on which it was sold, and a resale would not be made until weeks after the first sale. Nolte came to the sheriff on the morning after the sale and informed him he was ready to pay the money for the property he had bid for on the previous day, when the sheriff refused to take it, saying that Cook insisted on his purchase. Nolte resides in St. Louis, on Broadway, and has been a resident of the city for a number of years. He was not recollected by the sheriff at the time of sale. The sale to Cook was without any proclamation, and no bidder was present but one of the counsel for the plaintiff in one of the executions. The usual hour for selling property is at 12 o'clock. The sale was conducted by a deputy of the high sheriff, and took place on the 15th March, and the executions were returnable to the 3rd Monday of April following. The motion was overruled, and the sheriff appealed.

We have no hesitation in saying that the officer who conducted the sale

acted without the proper discretion in making the resale under the circumstances. The law confides in the sheriff as the agent of both the plaintiff and defendant in selling property under execution, and expects that his discretion will be exercised in such manner as to promote the interests of all concerned. A power to sell does not confer a right to sacrifice property. A sheriff, under a *fi. fa.*, is not bound to sell without reserve, if he receive a bid. If he can see that property is about to be sacrificed, which would be prevented by a little delay, he is not bound to accept a bid, but, under such circumstances, would be justified in making the return that the property levied on was not sold for the want of bidders. The same property, when offered at the usual time of making sales, brought $230, which, at a resale, brought but $50. Under the circumstances under which the last sale was made, the officer could not but have expected a sacrifice. Even if Nolte had failed to pay the money at the required time, that did not therefore authorize the officer to act with him as he pleased. He had ample time to make another sale in the customary way, and if he believed that by a sale under the usual circumstances, he could have realized a better price for the property, he should have deferred the resale. We do not intend, by any thing here said, to convey the idea that a sheriff cannot make a resale without re-advertising, or that a purchaser under the first sale has a right to complain of a sacrifice under a resale, when it has been conducted in the customary way, however great a loss there may have been on it.

The statute says, that if the purchaser *refuse* to pay the amount bid by him for property struck off to him, he shall pay any loss sustained by a resale. Was the officer warranted under the circumstances in acting on the belief that there was a refusal on the part of Nolte to pay the amount bid by him? By law, all sales must be made between 9 and 5 o'clock of the day for which they are advertised, and a person may have reasonably supposed that an officer would conform to these hours in making a resale. As Nolte, then, had, by consent, until five o'clock to pay the money, he could not have expected that a resale would have taken place on that day; and the offer of the money to the sheriff on the morning following, should have satisfied him that he was in error in supposing that Nolte had refused to pay the amount bid by him. Strictly, the sheriff, by his own agreement, had no right to make a resale until after five o'clock. If the money had been tendered precisely at five o'clock, after the resale had taken place, it will not be pretended that the first purchaser would not have been entitled to his deed; and if a tender at one time after a resale would be good, why not at another? The

practice in many cases had been, not to pay the purchase money on the day of sale, and weeks had intervened before a resale. Nolte being a resident of St. Louis when this practice prevailed, we will not presume that he did not inform himself of it. The officer *thinks* he was notified to pay by five o'clock. The court which heard the officer testify was better qualified to judge of the weight of his thoughts than this Court.

The judgment will be affirmed, the other Judges concurring.