SAMUEL E. SHAW, Appellant, v. DANIEL POTTER, Respondent.

1. *Practice, civil — Instructions, exceptions to.*—Instructions not excepted to in the lower court will not be reviewed in the Supreme Court.

2. *Sheriff's deed — Purchase-money — Deed — Vendor.*—*Semble*, that the delivery of a sheriff's deed and the payment of the purchase-money by the vendor are concurrent acts. The latter is not bound to part with his money until a deed for the premises is tendered.

3. *Sheriff's sale — Sheriff agent of both parties — Duties of at sale.*— An officer selling property under execution is the agent of both the plaintiff and defendant, and he is bound to protect the interests of all parties concerned, and is not bound to accept a bid without reserve. If he can see that a sacrifice of property will be prevented by reasonable delay, he may return "no sale" for want of bidders; and especially so on a re-sale, when the time and circumstances are such as to prevent a reasonable competition. (Conway v. Nolte, 11 Mo. 74.)

Per ADAMS, Judge.

4. *Sheriff's sale — Purchaser — Deed — Payment.*— The purchaser at a sheriff's sale must pay the purchase-money before he can demand his deed.

*Appeal from Dade Circuit Court.*

*Nathan Bray*, for appellant.

*Shafer & Duckwall* and *J. S. Phelps*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff, who was sheriff of Dade county, filed his motion in the Circuit Court under the provisions of the statute in relation to executions (R. C. 1855, p. 747, § 49), to recover of defendant

the difference between the price bid by him for certain lands sold by the plaintiff, as sheriff on execution, and the price which the same brought at a re-sale; it being alleged by the plaintiff that the defendant refused to take the land and pay the purchase-money bid by him.

On the trial there was evidence going to show that immediately after the sale, defendant called upon the sheriff and notified him that he was ready to pay the price bid by him and accept a deed, when he was told by the sheriff that he was too busy to make the deed, and that he could pay the money at some other time. Defendant then went home and did not return during the session of the court, and on the last day of the court, between four and five o'clock, the sheriff re-sold the land at a great sacrifice, and executed a deed therefor to the last purchaser. Defendant subsequently tendered the money and demanded a deed, which the sheriff refused.

The plaintiff asked two instructions which the court refused, and to which refusal exceptions were taken. Three instructions were given by the court for the defendant, but no exceptions were taken to them. Verdict and judgment for defendant.

The first instruction offered for the plaintiff asked the court, in substance, to declare that where lands are sold at sheriff's sale, and the money is not paid by the purchaser, the sheriff is not bound to hunt up the purchaser to make a demand of the price bid; and if the purchaser leaves the court and goes home, and does not return during the term, and fails to pay the full amount of his bid, it is a refusal to pay within the meaning of the law, and the sheriff may again, without re-advertising, sell the land, and the first purchaser will be bound to pay any deficit there may be between the first and the last bid. The second instruction was to the effect that a great difference between the prices of the first and last sales, where the first purchaser refused to pay the amount of his bid, was no excuse why the first purchaser should not pay the difference when the sale was conducted fairly and openly.

The first instruction given at the request of the defendant declared that before a sheriff could collect a deficit under the law, he must show a refusal to pay by the original purchaser before

Shaw v. Potter.

the subsequent sale took place by which the loss or deficit occurred. The second declaration was, in substance, that where a purchaser of real estate at sheriff's sale offered to pay the amount of his bid, and demanded a deed, and the whole matter was deferred or delayed indefinitely, at the request of the sheriff, the sheriff could not afterwards re-sell the real estate until he should have made a demand and there had been a refusal on the part of the purchaser to pay for the property. The third instruction declared that an officer selling property under execution is the agent of both the plaintiff and defendant, and he is bound to protect the interests of all parties concerned, and is not bound to accept a bid without reserve. If he can see that a sacrifice of property will be prevented by reasonable delay, he may return "no sale" for want of bidders; and especially so on a re-sale, when the time and circumstances are such as to prevent reasonable competition.

As the defendant's instructions were not excepted to, they will not be reviewed here, though, when applied to the evidence as preserved in the bill of exceptions, we see nothing objectionable in them.

The first instruction asked by the plaintiff was rightly refused, as it ignored the evidence in regard to the permission of the sheriff for the purchaser to retain the money until some other time. The statute requires that before the sheriff will be authorized to re-sell the property the purchaser shall refuse to pay the price bid. What will amount to a refusal will depend upon the facts and circumstances in the case. Whether the purchaser is bound to pay before a tender of a deed is a question upon which there is a conflict in the authorities. In Pennsylvania it is held that it is not necessary, in a suit against a purchaser of land at sheriff's sale, brought to recover the purchase-money, to aver a tender of a deed acknowledged. Unless other conditions are specified, it is a cash sale, and the delivery of the deed is an act subsequent to the payment of the money. (Negley v. Stewart, 10 Serg. & R. 207.) But in other States the doctrine is announced that the sheriff, upon such a sale, is required to make and tender a deed to his vendee; that it is a duty which is purely ministerial,

and he may not omit its performance.; that the delivery of such a deed and the payment of the purchase-money are to be concurrent acts, and that the vendee is not bound to part with his money until a deed for the premises is tendered. (The State v. Lines, 4 Ind. 351; 8 Blackf. 105; 7 Blackf. 46; 8 Johns. 520.) I am inclined to concur with this latter view, though the point is unimportant, as the court found that payment at the time was waived by the sheriff.

This fact being found, it is unnecessary to consider the plaintiff's second instruction, though we are not prepared to say that it was entirely correct. The third instruction given for the defendant was in the very language of this court in Conway v. Nolte, 11 Mo. 74, and enunciated the proper rule.

With the concurrence of the other judges, the judgment will be affirmed.

Per ADAMS, Judge.

I concur in the above opinion, but think that the purchaser must first pay the purchase-money before he can demand a deed.