THE STATE *ex rel.* THE CENTRAL TYPE FOUNDRY, *Appellant,*
v. MOORE.

| 72 | 285 |
|----|-----|
| 132 | 458 |
| 132 | 462 |
| 72 | 285 |
| 143 | 178 |

1.  **Sheriff**: EXECUTION: DAMAGES.  If the attorney for the plaintiff in an execution is misinformed by the sheriff's deputy as to the place of sale, and for that reason fails to attend the sale, and no one is present to protect the plaintiff's interest, in consequence of which

. property sufficient to pay the debt is sacrificed and plaintiff gets nothing, the sheriff will be liable to the plaintiff for the loss.

2. ———: MUST POSTPONE SALE TO AVOID SACRIFICING PROPERTY. If a sheriff sees that property which he is offering at execution sale is about to be sacrificed, and knows that it was the intention of plaintiff's attorney to be present and protect plaintiff's interest by bidding, but sees that the attorney is absent, and knows that his absence is owing to erroneous information furnished by his own deputy, he should not permit the sale to go on, but should postpone it, and if he fails to do so and the property is sacrificed, he will be liable.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Higbee & Shelton* for appellant.

Appellant lost its judgment, and the loss was occasioned directly by the neglect and misfeasance of the sheriff's deputy. 1 Mo. 756; 65 Mo. 555, 560, 561; *Raynsford v. Phelps*, (Supt. Court, Mich., 1880,) 10 Cent. Law Jour. 464. The sheriff is bound by the acts and declarations of his deputy. *Stephenson v. Porter*, 45 Mo. 358. Plaintiff's attorney had a right to rely upon the deputy's statement. It was made of a matter of fact within his knowledge. He said he had written and posted the notices himself. He was a sworn officer. Under the circumstances the sheriff should have adjourned the sale. *Shaw v. Potter*, 50 Mo. 281 ; *Conway v. Nolte*, 11 Mo. 74.

*Knott & Gamble* for respondent.

NAPTON, J.—This was an action brought by the plaintiff on a judgment and execution against one Williams for $135, against the sheriff and his securites, alleging a loss of the debt by reason of the misconduct of the officer. The judgment was levied on a printing press in the office of Williams, at the town of Glenwood, about two miles and a half from Lancaster, the county seat. The plaintiff,

being a corporation in St. Louis, intrusted the collection to its attorney at Lancaster. On the day previous to the sale advertised by the sheriff, his deputy came to the office of the attorney and told him the sale was to take place at Lancaster, before the court house door, and inquired of him whether it was necessary to bring the press from Glenwood so as to be on the ground at the sale. The attorney told him it was necessary, but suggested that the sheriff had told him that the sale was advertised to take place at Glenwood, but the deputy assured him that was a mistake, as he had himself drawn up the advertisement. The deputy that evening went over to Glenwood and there ascertained that the sale was advertised for Glenwood, but although there were facilities of communicating this to the plaintiff's attorney, by telegram, by mail or by persons passing to and fro, it was not done. The plaintiff's attorney remained in Lancaster, and the next day the sale took place at Glenwood, about ten or thirteen persons being present, and some of them publicly declaring that the press was mortgaged for more than it was worth, and any one buying would buy a law suit, and consequently the press was sold for $6, being admitted to be worth $300. The court instructed the jury to find for the defendants.

Whether the facts as we have assumed them to be would have been found by the jury, is not a matter for our consideration. There was confessedly evidence tending that way, and assuming them to be correct, we think the judgment must be reversed on the authority of *Kean v. Newell*, 1 Mo. 754, reiterated in *Lusk v. Briscoe*, 65 Mo. 558, where it is said that the officer, though intrusted with large discretion, is bound to execute his duty honestly as well as soundly. We would not be understood as intimating that there was any duty on the sheriff or his deputy, to inform the plaintiff or his attorney of the time and place of sale. The advertisement did this. But neither was it proper for the officer to misinform the attorney, and having done so, and a correction of the mis-

1. SHERIFF: execution: damages.

take being in his power, it should have been made; and as that mistake led to a sacrifice of the property, the officer should be held responsible.

Besides, it is apparent that when the sheriff saw that the property would be sold for a song, and knew that the plaintiff's attorney desired to bid on it and was absent by mistaken information derived from him, it is not easy to conjecture why the sale was not postponed. *Shaw v. Potter*, 50 Mo. 281; *Conway v. Nolte*, 11 Mo. 74. Judgment reversed and cause remanded. The other judges concur.

2. ———: m u s t postpone sale to avoid sacrificing property.