PHILLIPS v. GOLDMAN, *Appellant.*

**Sheriff's Power to Re-sell.** To authorize a sheriff to re-sell land struck off at execution sale, it is essential that the purchaser shall have refused to pay the amount of his bid. Simple neglect to pay is not always tantamount to refusal. Unless he either positively refuses, or does some act which amounts to a repudiation of his obligation to pay, the sheriff, before making a re-sale, should not only demand the purchase money, but also tender a deed. R. S. 1879, § 2384.

*Appeal from Linn Court of Common Pleas.*—HON. THOMAS WHITAKER, Judge.

REVERSED.

*Chas. A. Winslow* for appellant.

*S. P. Huston* for respondent.

HOUGH, J.—This is a proceeding by motion, instituted by the sheriff of Linn county, under section 2384 of the Revised Statutes, to recover from the defendant the difference between the amount bid by him for certain real property at a sale under execution, and the amount realized by the sheriff at a re-sale of said property, alleged to have been made in pursuance of said section. Said section is as follows : " If the purchaser refuse to pay the amount bid for property struck off to him, the officer making the sale may again re-sell said property to the highest bidder, at the same term, or he may re-sell it on a subsequent day, as though no previous sale had been made, and if any loss shall be occasioned thereby, the officer shall recover the amount of such loss, with costs, by motion, before any court, or before any justice of the peace, if the same shall not exceed his jurisdiction." The defense chiefly relied upon by the defendant is, that he never refused to pay the amount bid by him, and it is the only one which we deem it necessary to notice.

The property was first sold to the defendant on the 8th day of February, 1879, for $175, and was re-sold on the 27th day of February, at the same term, to one Strawbridge for $14.

The testimony of the sheriff is as follows: Goldman never paid his bid. I went down to his store the day, or the day after, the land was sold, and met him on the street, and told him his deed was ready, and he said he would be up that evening, that he wanted to see Price. I told him all right. He did not come to see me that evening, nor at any other time till after the sale to Strawbridge. I re-sold the land February 27th, 1879, about two p. m.; went down to see Goldman before sale, and sent a man to see him, also, but learned that he was out of town. When I saw Goldman and told him his deed was ready, he said he wanted to see Mr. Price, who was Kimball's agent; suppose I told him it was all right; never saw him afterward, until I re-sold the land; never made any formal demand upon him for the amount of his bid; told him his deed was ready, and he said he would be up that evening; made no objection to my not offering him the deed : it was made out and acknowledged.

The defendant testified : That he bid in the land in good faith and intended to pay for it; that the day after the sale, he asked the sheriff to let the matter rest, until he could see Mr. Price, who was Kimball's agent, and if he would pay the amount of the execution and costs witness would let the matter go; to this the sheriff replied, that it would be all right. I did not see the sheriff again until after he had sold to Strawbridge ; went out in the country about noon of that day to buy some hay, and got back about fifteen minutes after the second sale took place. I immediately tendered him the amount of my bid and demanded a deed; he said he had waited on me and I must now wait on him. I tendered him $180. He never asked me for the money, and I never refused to pay him my bid;

he never demanded the money of me, or tendered me a deed.

It is essential to a recovery under the statute cited, that the purchaser shall have refused to pay the amount of his bid. Simple neglect to pay is not always tantamount to a refusal to pay, and under the circumstances recounted in the testimony before us, we do not think the neglect of the defendant amounted to a refusal. Unless the purchaser positively refuses to pay the amount of his bid, or does some act which amounts to a repudiation of his obligation to pay, the sheriff should not only demand the purchase money, but should also tender a deed, before making a re-sale under the statute. *Conway v. Nolte,* 11 Mo. 74; *Shaw v. Potter,* 50 Mo. 281. This was not done in the case before us, nor was anything done which was equivalent to it. The sheriff distinctly states that he did not even demand the purchase money. He contented himself with stating to the defendant that the deed was ready for him. This did not amount to a tender of the deed. The testimony of the defendant is explicit that no demand was ever made by the sheriff, and no deed tendered, and that he never at any time refused to pay the amount of his bid, but on the contrary purchased in good faith and intended to pay the purchase money. On the facts in evidence, we are of opinion that the finding should have been for the defendant. Judgment reversed. All the judges concur.