DAVIS *et al.* v. McCANN, *Appellant.*

Division Two, March 1, 1898.

1.  Setting Aside Deeds: INADEQUACY OF PRICE. Inadequacy of price alone will not justify the setting aside of a sheriff's sale of real estate under execution, unless the price is so inadequate as to shock the moral sense and outrage the conscience. Then courts will interfere to promote the ends of justice. In the case at bar land worth $25 per acre sold for fifteen cents an acre. *Held,* that under the circumstances, plaintiff offering to return the purchase money, it would be unconscionable to permit the sale to stand.

2. ———: ———: DUTY OF SHERIFF. The sheriff in selling land under execution is the agent of both plaintiff and defendant, and bound to protect the interests of both. It is his duty to see that the property is not sacrificed, and if the bids are grossly inadequate he should return the execution "no sale for want of bidders."

3. Executions: VOLUNTARY ISSUANCE BY CLERK: CUSTOM. Plaintiff and his attorney have the exclusive right to control the issuance of an execution after judgment, and the issuance of it by the clerk of his own motion is merely gratuitous on his part, and for any subsequent proceedings by the sheriff in pursuance thereof neither plaintiff nor his attorney is in anywise responsible, nor bound thereby. Nor is his voluntary act relieved, nor are plaintiff's rights in anywise impaired, by the fact that it had been the custom in the county for the clerk to issue executions upon all judgments rendered at the last preceding term whether directed to do so or not.

4. ———: ———: LACHES. Although it had been the custom of the clerk of the court to issue executions on all judgments rendered at the last preceding term whether directed to do so or not, no laches can be imputed to plaintiff because neither he nor his attorney knew that the execution had been issued, and particularly is this true if the sheriff has not advised them that the execution was in his hands or informed them of the levy or of his purpose to sell the property.

*Appeal from Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*A. H. Livingston* for appellant.

(1) Appellant's objection to the introduction of any evidence under the petition should have been sustained. The alleged facts on which recovery is sought are that the clerk issued the execution without direction, inadequacy of consideration, and some vague, indefinite statement as to misdescription. These facts, if true, will not authorize the setting aside of deeds under judicial sales. This is not a motion to set aside a sale before the deed is executed, but is a suit to set aside a deed and is presumed to be based on some equitable grounds. Gross inadequacy of consideration,

when coupled with evidence of fraud, deception or unfair dealing, may be sufficient to set aside a sheriff's deed when sought on part of the execution debtor. Here, the execution creditor in a court of equity, seeks to set aside a deed under his own judgment and execution; and if he is entitled to relief in such cases, he should and must make a stronger showing than the execution debtor in such cases. When property of the execution debtor is sacrificed and sold for a grossly inadequate price, the fact of itself will appeal strongly to the chancellor, but even in this case something more than even the greatest inadequacy of price must appear. The following cases cover the whole ground: *Railroad v. Brown*, 43 Mo. 249; *Curd v. Lackland*, 49 Mo. 451; *Durfee v. Moran*, 57 Mo. 374; *Phillips v. Stewart*, 59 Mo. 291; *Briant v. Jackson*, 99 Mo. 585; *Walters v. Herman*, 90 Mo. 529; *Hardwich v. Hamilton*, 121 Mo. 465; *Knoop v. Kelsey*, 121 Mo. 642; *Hardware Co. v. Building Co.*, 132 Mo. 442. (2) As a matter of common knowledge among bench and bar, it has ever been the practice and custom in this section of the State for the clerk to issue an execution as a matter of course, unless otherwise directed. At common law an execution is issuable forthwith as soon as the final judgment has been signed. 8 Ency. of Pl. and Prac., 343, subdivision 111, and cases cited. There is no statute in this State regulating the time of issuing executions, hence the common law prevails. (3) When an execution is regular on its face, he can not be injuriously affected by any irregularity in the proceedings which resulted in this sale, unless they were of such a character as to render the proceedings wholly void. *Cabell v. Grubb*, 48 Mo. 353; *Curd v. Lackland*, 49 Mo. 455; *Draper v. Bryson*, 17 Mo. 75; *Stewart v. Severance*, 43 Mo. 322; *Houck v. Cross*, 67 Mo. 151; *Davis v. Kline*, 76 Mo. 310; *Stevenson v. Saline Co.*, 65 Mo. 425; *Mitchell v.*

*Nodaway Co.*, 80 Mo. 257.    (4)    It was error for the court to refuse to permit appellant to prove by former clerks of the circuit court of Howell county that it had been the custom and practice, since 1874, to issue executions on all judgments, unless otherwise directed by the party in whose favor the judgment stood.

*C. W. Sloan* and *James Orchard* for respondents.

(1)    The execution under which the sale was made to defendant not having been ordered by plaintiffs or their attorney was issued without authority of law. R. S. 1889, secs. 4895 and 4980; *Hoover v. Railroad*, 115 Mo. 83; *Beedle v. Mead*, 81 Mo. 306; *State v. Barker*, 63 Mo. App. 540; *Dempsey v. Schawacker*, 62 Mo. App. 168; *State v. Oliver*, 116 Mo. 192; *Hardware Co. v. Building Co.*, 132 Mo. 458; *Donham v. Hoover*, 135 Mo. 216.    (2)    The circuit court had undoubted authority by timely action to set the sale aside at the same term of court on motion or petition of plaintiffs and to set aside the sheriff's deed. *Finke v. Craig*, 57 Mo. App. 396; *Ray v. Stobbs*, 28 Mo. 35; *American Wine Co. v. Scholer*, 85 Mo. 450; *State ex rel. v. Evans*, 53 Mo. App. 666; *St. Louis v. Brooks*, 107 Mo. 380.    (3)    In the absence of plaintiffs or their attorney the sheriff, who acts as agent for both parties had no right to sell the land at such a great sacrifice, and for this reason, if none other, the sale should have been set aside.    *Cole Co. v. Madden*, 91 Mo. 615; *Donham v. Hoover*, 135 Mo. 216; *Hardware Co. v. Building Co.*, 132 Mo. 458. (4)    The record shows no exception by defendant at the time the court sustained the motion to set aside the sale, and for this reason alone the judgment of the court below should be affirmed.    *St. Louis v. Brooks*, 106 Mo. 383; *Columbia v. Dorsey*, 63 Mo. App. 628. (5)    The question of innocent purchaser does not arise

in this case; defendant does not even in his answer (which is a general denial) set up any affirmative claim as an innocent purchaser, to say nothing about $6 not being a valuable price for the land. *Holdesworth v. Shannon*, 113 Mo. 525; *Garrett v. Wagoner*, 125 Mo. 464.

BURGESS, J.—This is a proceeding by bill in equity to set aside a sheriff's sale, and deed to certain land described in said deed, which was sold by said sheriff under the following circumstances.

Plaintiff sold to one J. R. Donneworth a farm of forty acres of land in Howell county, Missouri, for $2,400, on which there was paid at the time $1,050, and to secure the payment of the balance of the purchase money, Donneworth and his wife executed to plaintiff on the fourth day of April, 1884, their note for $1,350 payable twelve months thereafter secured by mortgage on the land. When the note became due default was made in its payment, and plaintiffs placed the same in the hands of N. B. Wilkinson an attorney residing at Willow Springs in said county, to bring suit for the foreclosure of said mortgage. Wilkinson brought suit on the note and for foreclosure of the mortgage, upon which final judgment was rendered in the Howell circuit court December 6, 1894. The amount of the judgment was $1,571.90.

At the time of the rendition of the judgment and sale by the sheriff two of the plaintiffs resided in Colorado, and the other two in Cass county this State. On the nineteenth day of February, 1895, the clerk of said court, without the knowledge or consent of plaintiffs or their attorney, issued an execution upon said judgment in favor of two of the plaintiffs therein, viz., Eliza B. and James T. Davis, which recited that the judgment was rendered on the fifteenth day of December, 1894,

whereas in fact it was rendered on the sixth day of December, 1894. The land was sold by the sheriff of said county under the execution on the twentieth day of April, 1895, during the sitting of the circuit court of said county and defendant became the purchaser thereof at the price of $6, and received the sheriff's deed therefor. The petition to set aside the sale was filed at the same term of court at which the sale was made by the sheriff. The land was worth at the time of defendant's purchase about $1,500. The defendant was not a party to the suit on the note, and to foreclose the mortgage, nor was he in any manner interested therein.

The trial court rendered judgment setting aside the sheriff's sale, and also the deed made by him to the defendant. Defendant appealed.

Defendant objected to the introduction of any evidence under the petition, upon the ground that the facts therein stated if true, would not authorize setting aside the sale. This objection was overruled, and the action of the court in that regard is assigned for error.

Inadequacy of price alone will not justify the setting aside of a sheriff's sale of real estate under execution, unless the price is so inadequate as to shock the moral sense and outrage the conscience. Then courts will interfere to promote the ends of justice. *Railroad v. Brown*, 43 Mo. 294; *Cobb v. Day*, 106 Mo. 278; *Knoop v. Kesley*, 121 Mo. 642. In the case at bar land worth at least $25 per acre was sold for about fifteen cents per acre. It would be difficult to conceive of a sale of land that would be more unconscionable than the one in question. To permit the sale to stand under the circumstances would be but little better than taking the property of one person and giving it to another, which the law does not now nor ever did permit.

VOL. 143 mo—12

The sheriff in selling the property was the agent of both the plaintiffs and defendant, owing a like duty to each, and bound to protect the interest of all parties concerned.   It was his duty to see that the property was not sacrificed and to that end he could have returned the execution "no sale for want of bidders." *Hardware Co. v. Building Co.*, 132 Mo. 442; *Conway v. Nolte,* 11 Mo. 74; *Shaw v. Potter,* 50 Mo. 281; *Cole Co. v. Madden,* 91 Mo. 585; *State ex rel. v. Moore,* 72 Mo. 285.

Moreover the execution under which the land was sold was issued by the clerk of his own volition without the knowledge or direction of plaintiffs or of their attorney of record, the latter of whom resided in the same county.   The sheriff did not even advise him that the execution was in his hands; or in any way inform him of the levy, or of his purpose to sell the property.    Section 4895, Revised Statutes 1889, provides that "the party in whose favor any judgment, order or decree is rendered, may have an execution in conformity therewith."    It is not to be presumed with this statutory provision in force that the clerk would have issued the execution upon the judgment without direction from the attorney of record or some of the plaintiffs in the judgment, so that there was no laches upon their part in not knowing that an execution had been issued upon the judgment, the land levied upon, and advertised for sale under the execution.   And it makes no difference that it may have been the custom of the clerk of the court to issue executions upon all judgments rendered at the next preceding term whether directed to do so or not.   Plaintiffs and their attorney had the exclusive right to control the issuance of the execution, and the issuance of it by the clerk of his own accord was merely gratuitous upon his part, and for any subsequent proceedings in pursuance

thereof by the sheriff plaintiffs or their attorney were in no way responsible nor bound thereby.

While a judicial sale should be upheld when it can be done without manifest injustice to a purchaser at such sale, and parties directly interested in the result thereof, the process of the court should not be used as a medium through which the property of one citizen is taken and given to another. As plaintiffs return the purchase money bid by defendant at the sale, he suffers no injury by setting the same aside, while upon the other hand the judgment debtors being insolvent, if the sale be not set aside, plaintiffs suffer the loss of many hundreds of dollars. The court below did right we think in setting aside the sale and sheriff's deed to defendant for the land. It follows that no error was committed in overruling defendant's objection to the introduction of evidence under the petition.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.