C. AULTMAN & CO. v. R. A. HUMPHREY AND W. H. HUMPHREY.

No. 370.

1. PRACTICE, DISTRICT COURT—*Motion to Set Aside Sale.* On a motion to set aside a sheriff's sale a trial court may allow or refuse to allow evidence to be introduced.

2. ———— *Effect on Rights of Parties.* A decision of the court on such motion is not conclusive as to the ultimate rights of either of the parties.

Error from Chase district court; Lucien Earle, judge.   Opinion filed July 13, 1898.   Affirmed.

*B: W. Jaquith*, for plaintiff in error.

*Sanders, Grisham & Wood*, for W. H. Humphrey, defendant in error.

The opinion of the court was delivered by

Schoonover, J.: The plaintiff in error complains of the action of the trial court in overruling its motion to confirm a sale and in sustaining the motion of W. H. Humphrey, defendant in error, to set aside the sheriff's sale of certain lands in Chase county.   Complaint is made that, on the hearing of the motion, the trial court permitted evidence to be introduced and that it tried and determined the question of title.   It is true that certain evidence was introduced in support of the motion, but there was no abuse of discretion such as to require a reversal of this case. Without giving a synopsis of the evidence introduced, it is sufficient to say that it was competent and material.

In the case of *Harrison & Willis v. Andrews*, 18 Kan. 535, the supreme court says:

"Where the public records, and all the written evidence applicable to the subject, apparently show that certain land was subject to be sold on execution, a party moving to set the sale aside may nevertheless show by competent and proper parol evidence, embodied in affidavits, that the land was not in fact subject to be sold on said execution.

"The right of the party moving to set aside a judicial sale is subject to an extensive discretion in the court hearing the motion, and the final decision of the court upon such motion is not conclusive as to the ultimate rights of either of the parties."

In our opinion, the facts in the case under consideration should be governed by the rule stated in the case cited. The judgment of the district court will be affirmed.