# SHIPLEY *v.* SHAMWELL.

JUDGMENTS; JUDICIAL SALES; EXECUTION; INADEQUACY OF PRICE.

1. The expiration of the term of the supreme court of the District of Columbia during which land has been sold under its judgment does not terminate its power to vacate the sale, where, the purchaser being a representative of the execution creditor, no rights have intervened in favor of innocent third parties,—especially as no statute for the District allows redemption from, requires confirmation of, or otherwise provides relief from injustice in, execution sales.

2. A motion to vacate an execution sale is seasonable when made a little more than a month after the sale, in response to a petition for a writ of possession filed by the nominal purchaser, who represents the execution creditor. (Citing *Starr* v. *United States*, 8 App. D. C. 552, and *Hart* v. *Hines*, 10 App. D. C. 366.)

3. The inadequacy of $100 as the purchase price of improved land worth at least $1,240, sold under execution, coupled with the fact that the appraisers valued the same at $300 under the misapprehension that they were required to estimate only the value of the land without improvements, is sufficient to warrant the vacation of the sale. (Citing *Hart* v. *Hines, supra.*)

4. An execution purchaser cannot, by hastening the issuance of his deed, defeat the right of the trial court to vacate the sale.

No. 2557. Submitted November 4, 1913. Decided January 5, 1914.

HEARING on an appeal by the purchaser from an order of the Supreme Court of the District of Columbia setting aside an execution sale of certain real estate. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from an order of the supreme court of the District setting aside an execution sale of certain real estate of appellee, James B. Shamwell.

On October 24, 1912, W. Walton Edwards obtained a judg-

ment in the municipal court against the appellee for $55, after a demurrer to appellee's plea of set-off had been sustained. On November 1 following, execution issued out of said municipal court, and on the next day was returned *nulla bona* by the marshal. Thereupon, on November 4, 1912, the judgment was docketed in the office of the clerk of the supreme court of the District agreeably to sec. 29 of the Code, and became a lien on the lands of the appellee. On the same day a fieri facias was issued, and the marshal levied upon real estate known as lot numbered one (1) in Norment's unrecorded subdivision of part of a tract of land called "Woodward's Lot," in this District, and taxed as parcel 87/165. On the 12th day of November this property was appraised under the provisions of sec. 1085 of the Code by two citizens of the District, *the value being fixed at $300.* In this appraisal mention is made that the property is "shown on the books for taxation and assessment as parcel 87/165." On December 9, 1912, the following return was filed by the marshal: "Returned Nov. 12, 1912, Levied as per schedule, Dec. 9, 1912. Property sold and judgment satisfied in full."

On January 16, 1913, the nominal purchaser at said sale, William H. Shipley, the appellant herein, filed a petition in the court below for a writ of possession under sec. 1100 of the Code. In this petition it does not appear how much was paid for the property. There is an allegation that the appellee, at the time of the rendition of judgment and at the time of the filing of the petition, was in actual possession, which he refused to surrender. The petition closes with a prayer that a rule be issued requiring appellee to show cause why possession should not be delivered, and that, if no good cause be shown, a writ of habere facias possessionem issue. Thereupon the rule issued, and appellee answered, under oath, admitting that a judgment of $55 was entered against him, and that said property was sold at execution sale. The answer then avers that appellant "is in the office or has joint offices with Mr. W. Walton Edwards. That I am informed and being so informed believe that said William H. Shipley is merely holding title for said W.

Walton Edwards, judgment creditor in this case. That I heretofore by my counsel have offered to said William H. Shipley to pay and satisfy all the amount of said judgment and costs and interest in this case accrued. That I did not pay the judgment in this case, and allowed the execution to issue without fault on my part, as I was advised by counsel, improperly, not so to do, and did not understand my rights or duties in the premises. That the price for which said property was sold is totally inadequate, and so gross as to shock the conscience of the court. That I herewith annex a copy of the tax bill, showing the assessed value of said property, and the same is $1,240, whereas said property was sold for $100. I also annex hereto affidavits showing value of said property. I herewith tender in court the amount necessary to pay said judgment, costs, and interest, and ask that said sale be set aside, and that I be permitted to pay as hereinbefore stated." Appellee further filed in said proceeding an independent motion that said sale be set aside and vacated on the grounds set forth in the above answer, which was made a part of the motion. The affidavits to which appellee refers in his answer purport to be made by three real estate men. In two of them the value of the lot is fixed at $250, and the improvements $1,200. In the third affidavit the value of the lot is fixed at $300, and the improvements $1,200. Appellant electing to go to final hearing upon the case as thus presented, the court vacated and set aside said sale upon condition that appellee pay a certain amount, whereupon appellee in open court tendered the required sum, which, not being accepted, was put in the registry of the court, and appellant noted his appeal.

The power of the court below to pass the order complained of, after the close of the term during which the levy and sale were made, is questioned. It is next urged that, inasmuch as appellee admits that he knew of the execution sale, and made no effort to prevent it by the payment of the judgment, he has no right to complain, and, further, that after the sale and delivery of the deed "the only appropriate remedy, if any, which may be invoked by the judgment debtor, is in equity."

*Mr. John Ridout,* for the appellant:

1. The term during which the levy, sale, and conveyance were made having expired, the court below was without power to pass the order complained of. The principle applicable to this situation is established by *Sibbald* v. *United States,* 12 Pet. 488; *Bronson* v. *Schulten,* 104 U. S. 410; *Phillips* v. *Negley,* 117 U. S. 665.

2. It appears from the terms of the appellee's petition that he knew of the execution sale, and had made no effort to prevent it by payment of the judgment. This conduct on the part of the appellee deprives him of his right to complain of the action taken. *Bronson* v. *Schulten,* 104 U. S. 410.

3. After sale and delivery of the deed, the only appropriate remedy, if any, which may be invoked by the judgment debtor, is in equity. 25 Am. & Eng. Enc. Law, 799; *Jenkins* v. *Merriwether,* 109 Ill. 647; *Evans* v. *Maury,* 112 Pa. 300.

*Mr. Mason N. Richardson* and *Mr. Charles S. Shreve,* for the appellee:

1. It is true that mere inadequacy of price will not furnish sufficient reason for setting aside a judicial sale, unless in addition thereto there is some irregularity or fraud in the transaction, but the inadequacy of price may be so gross as of itself to shock the conscience of the court or raise a presumption of fraud. *Graff* v. *Burgess,* 117 U. S. 180, 186, 191, 194; *Hart* v. *Hines,* 10 App. D. C. 375; Rover, Judicial Sales, 233; *Schuch* v. *Young,* 161 U. S. 334; *Cohen* v. *Wagner,* 6 Gill, 236; *Huse* v. *Walker,* 4 Md. Ch. 62; *Eberhardt* v. *Gilchrist,* 11 N. J. Eq. 48; *Thomas* v. *Hebenstreet,* 68 Ill. 115.

2. It is only required of the defendant that he should act promptly before any rights of innocent parties have intervened. *Hart* v. *Hines,* 10 App. D. C. 366; *Anniston* v. *Williams,* 106 Ala. 334; *Starr* v. *United States,* 8 App. D. C. 558.

3. The general rule is that a proceeding to set aside a sale under execution should be by motion made in the court from

which execution issued. *Anniston* v. *Williams,* 106 Ala. 334; *Gardner* v. *Mobile,* 102 Ala. 635; *Anthony* v. *Shannon,* 8 Ark. 52; *Starr* v. *United States,* 8 App. D. C. 558; *Hart* v. *Hines,* 10 App. D. C. 366.

Mr. Justice ROBB delivered the opinion of the Court:

Many States have, by express statutory enactment, fixed a period within which a judgment debtor may redeem property sold at execution sale. Other States also permit creditors to redeem. In some jurisdictions the statutes require that property sold on execution sale shall bring a designated proportion of its appraised value. Several jurisdictions require a return to be made by the officer conducting the sale, and the sale must be confirmed by the court, before the rights of the execution debtor are certainly devested. *Deputron* v. *Young,* 134 U. S. 241, 258, 33 L. ed. 923, 931, 10 Sup. Ct. Rep. 539. In this District, unfortunately, there is no statute allowing redemption, nor is the court required to confirm an execution sale. The failure of the legislature to provide any remedy for a situation where gross injustice is liable to result requires the court carefully to scrutinize its powers, to the end that justice may result.

There is a difference between an attempt by a court to revise one of its judgments, after the expiration of the term in which that judgment was entered, and the assertion by the court of power to set aside an execution sale. Especially is this true where, as here, the sale had not been confirmed by judicial order. As the sale may be made long after the term at which the judgment is entered, so may the court inquire into that sale, without reference to the particular term during which it has been made. The general rule undoubtedly is that, a proceeding to set aside such a sale being equitable in its nature, all that is required is that it shall be instituted promptly, before the rights of innocent third parties have intervened. Thus in *Starr* v. *United States,* 8 App. D. C. 552, three months after an execution sale it was discovered that the interest of the judgment debtor in the property levied on was not subject to levy.

Motion was made to set aside the sale, although the return of the marshal set forth that various judgments had been satisfied in full. The court said: "Now, where the facts are plain and simple and uncontroverted, and the relief sought can be had by the order of the court upon motion, it is not apparent why a party should be driven to the trouble and expense and delay of a suit of equity, when equity cannot develop anything more than is manifest in the record upon the motion. In most cases of this kind the power to grant relief is concurrent in the courts of common law and the courts of equity." It appearing that the rights of third parties were not affected, the court set aside the sale, notwithstanding that a deed had been executed by the marshal. *Hart* v. *Hines,* 10 App. D. C. 366, involved a motion to vacate an execution sale. The amount realized for the property at the sale was $145, while its real value was from $1,000 to $1,200. The judgment debtor there had "for years manifested no purpose to satisfy the just demand against him." The only irregularity noticed by the court, other than the inadequacy of price, was the fact that three parcels were sold in bulk. The court observed that "in a matter so largely appealing to the equitable discretion of the trial court, and under such circumstances as those here apparent, it should be made very clear to an appellate tribunal that the order appealed from is erroneous, to induce a reversal of such order. * * * That there was gross inadequacy of price in this case, sufficient to shock the conscience, is too plain to need any argument to show it." The court, after noting the second circumstance deserving of consideration, namely, the failure to offer the lots separately, affirmed the order. In that case a deed had been executed, as in this. Discussing that feature of the case, the court said: "But it is not in the power of a purchaser at an execution sale, by hastening to take his deed from the sheriff or marshal to defeat the right which we have seen to be inherent in the court, to control its process, especially when that purchaser is the plaintiff in the judgment, as he virtually is in the present case. * * * It is only required of him (the judgment debtor) that he should act promptly, before any rights

of innocent parties have intervened." In *Anniston Pipe Works* v. *Williams,* 106 Ala. 324, 333, 54 Am. St. Rep. 51, 18 So. 111, the court said: "As to the time within which a motion to set aside a sale of land under execution must be made, we have repeatedly held that no inflexible rule has been or can be announced. There should always be promptness in making such a motion, the reasonableness of which is to be determined by the particular circumstances of each case." See also 17 Cyc. 1281.

In the present case it is undeniable that the appellee moved promptly, and it is equally clear that the rights of third parties have not intervened; for, upon the record before us, we must assume that the execution creditor was the real purchaser at the sale. Indeed, appellee's motion was filed immediately after the sale had been brought to the court's notice by appellant's petition for possession. We rule, therefore, that the motion was seasonably made, and that the court was possessed of jurisdiction to entertain it.

It is true that mere inadequacy of price has seldom been considered sufficient to justify the setting aside of an execution sale. The Supreme Court of the United States, however, has never gone so far as to say that, under no circumstances, would such a reason warrant a court in exercising its discretion in favor of a judgment debtor. An intimation to the contrary is found in *Graffam* v. *Burgess,* 117 U. S. 180, 192, 29 L. ed. 839, 843, 6 Sup. Ct. Rep. 686: "From the cases here cited we may draw the general conclusion that, if the inadequacy of price is so gross as to shock the conscience, or if, in addition to gross inadequacy, the purchaser has been guilty of any unfairness, or has taken any undue advantage, or if the owner of the property, or party interested in it, has been for any other reason misled or surprised, then the sale will be regarded as fraudulent and void, or the party injured will be permitted to redeem the property sold. Great inadequacy requires only slight circumstances of unfairness in the conduct of the party benefited by the sale to raise the presumption of fraud." In *Hart* v. *Hines,* 10 App. D. C. 376, the court observed that, while *Graffam* v. *Burgess* was a proceeding in equity, its doctrine is

entirely applicable "where the court acts in the exercise of its equitable discretion and its control over its own process, which it should never permit to be used unnecessarily and wantonly to the injury of anyone." In *Phillips* v. *Wilson,* 164 Pa. 350, 30 Atl. 264, there was involved an order setting aside an execution sale, and it was ruled that a court does not abuse its judicial discretion in setting aside such a sale, where the application to vacate the sale is accompanied by an offer to bid more, and it also appears that counsel for a mortgage creditor had neglected to bid, under a mistaken impression that the mortgage would not be discharged. In *Davis* v. *McCann,* 143 Mo. 172, 44 S. W. 795, where an execution sale had been set aside, the court said: "Inadequacy of price alone will not justify the setting aside of a sheriff's sale of real estate under execution, unless the price is so inadequate as to shock the moral sense and outrage the conscience. Then courts will interfere to promote the ends of justice." And in *Collins* v. *Smith,* 75 Wis. 392, 44 N. W. 510, the court ruled that the discretion to set aside a sale on the ground of inadequacy of price "should be exercised or withheld as justice to both parties may require, after due consideration of all the circumstances of the case."

That there was gross inadequacy of price in the present case cannot be gainsaid. In *Hart* v. *Hines,* 10 App. D. C. 377, as previously noted, where the discrepancy between the price realized and the value of the property was not so great as here, the court ruled that the inadequacy of price was sufficient to shock the conscience. If, under any circumstances, therefore, a court would be justified in setting aside a sale merely because of inadequacy of price, we think it might be done in this case. After all, the real object of such a sale is to permit the execution creditor to make his judgment. It is not and never was intended that, through the instrumentality of such a sale, avarice should be encouraged and rewarded. We have seen that the supreme court of Pennsylvania refused to interfere with the exercise of discretion by the trial court in setting aside such a sale where counsel for a mortgage creditor, under a mistaken impression as to the law, had failed to bid, and as a result the price realized

was grossly inadequate. Here, the execution debtor failed to satisfy the judgment because he had been so advised by counsel. In the circumstances of this case, we think the court below was entitled to give some weight to this fact. But there is another circumstance, apparent on the face of the record, which the court was entitled to consider. Sec. 1085 of the Code [31 Stat. at L. 1359, chap. 854] requires that such property, when levied upon, "shall be appraised by two sworn appraisers, and sold at public auction for cash." In the appraisal here, as previously noted, the value of the property is fixed at $300, notwithstanding that its assessed value was $1,240, and that, according to affidavits which have not been met, its real value is at least $1,450. Inasmuch as this property was improved real estate, it is perfectly apparent, we think, that these appraisers misapprehended their duty, and appraised the lot minus its improvements. In the tax assessment list the value of the land is placed at $340, and the improvements $900. Two of appellee's affiants fixed the value of the land at $250, and the third at $300, so that there is no escape from the conclusion that the appraisal was made under a misapprehension. This error is important because, of course, the purpose of sec. 1085 is to furnish some real basis upon which the marshal is to proceed, as he undoubtedly owes some duty to both the execution creditor and the execution debtor. *Davis* v. *McCann,* 143 Mo. 172, 178, 44 S. W. 795. In view of his responsibility to both parties in interest, it was his duty to state to prospective purchasers at the time of the sale the amount of the sworn appraisal. It well might have made a difference in the amount bid, had that appraisal been based upon all instead of a part of the property.

As ruled by this court in *Hart* v. *Hines, supra,* it is not in the power of a purchaser at an execution sale, by hastening his deed, to defeat the right of the court over its own process. And in *Deputron* v. *Young,* 134 U. S. 258, 33 L. ed. 931, 10 Sup. Ct. Rep. 539, the court ruled that when an order confirming a sale was vacated before there was any change in the relation of the parties, "the sheriff's deed fell with it."

Taking into consideration all the circumstances, we think

the court was fully justified in exercising its discretion to set aside the sale. The order is therefore affirmed, with costs.

*Affirmed.*