## DIKEMAN et al. v. JEWEL GOLD MINING CO. et al.

(Circuit Court of Appeals, Ninth Circuit. November 17, 1924.)

No. 4271.

**Appeal and error ⬤═82(5)—Order setting aside sale not reviewable as a "final judgment or decree."**

An order setting aside a sale made under process of the court is not reviewable on writ of error under Code Civ. Proc. Alaska, §§ 1336, 1337, as a "final judgment or decree."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; E. E. Ritchie, Judge.

Action by J. M. Dikeman and others against the Jewel Gold Mining Company and another. Order entered setting aside a sale made under execution, and plaintiffs bring error. Dismissed.

In January, 1923, the court below decreed numerous lien claims valid in the total sum of $17,561.40 against the interest of the defendants, Jewel Gold Mining Company, owner of certain mining claims and mill and appurtenances, and Jewel Mining Syndicate, lessee of the property. The decree ordered the property sold to satisfy the various liens, besides interest, costs, and attorneys' fees, and if any deficiency occurred recovery for the balance due upon the judgment could be had from the lessee. Upon execution the marshal sold the property, mines and mill and equipment, in one parcel for $3,500 and disbursed the money received from the sale in payment of commissions and expenses allowed by the decree. The return of the marshal showed that the sum received was insufficient by about $18,000 to pay the principal liens and interest. No order was ever made confirming the sale; nor was any motion for confirmation ever made. Thereafter Jewel Mining Syndicate,

lessee, in redemption of the property, paid to the marshal $3,542.50, and the marshal issued a certificate of redemption of the property, mines, and mill from the sale. Thereafter a "second alias execution" was issued on the judgment heretofore referred to, and the marshal was directed to sell the property and levy upon the personal property of the defendant Jewel Mining Syndicate, and if sufficient personal property could not be found, then to levy upon the real property of said defendant. Under this second alias execution the marshal levied upon $6,000 belonging to the Jewel Mining Syndicate and also upon the mining property, including the mill which he had theretofore sold, and also upon certain mining claims, and personal property in which Jewel Mining Syndicate had an interest, and sold the property levied upon, and after deducting commissions and costs, deposited a balance of $9,893.10 received on this alias execution with the clerk of the court. The lien claimants then moved for confirmation of this last referred to sale, but Jewel Gold Mining Company objected on the grounds: (1) That the judgment in favor of the lien claimants, plaintiffs below, was not personal as to it, but only against its property, and as all the property rights of both defendants were sold at one sale and as a whole, the sale made by the marshal under the first execution exhausted all redress against Jewel Gold Mining Company and its property, and therefore the property was released and discharged of the lien of judgment; and (2) that the redemption of the property under the first sale by Jewel Mining Syndicate was for the benefit of Jewel Gold Mining Company, and so its property was placed beyond the reach of the judgment creditors, and that the last sale was wholly void.

The court directed that the $6,000 received upon the execution pursuant to garnishment be paid to the plaintiffs below, less certain commission, and that the sale under the alias execution be set aside because the property was sold for a lump sum and included property not subject to levy and sale under the deficiency judgment docketed against Jewel Mining Syndicate, and which belonged to persons other than the judgment and execution debtor. Writ of error to review the order vacating the sale of the property was allowed.

Arthur Frame, of Anchorage, Alaska, and Walter Christie, of San Francisco, Cal., for plaintiffs in error.

W. H. Rager, of Anchorage, Alaska, for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). By the assignments plaintiffs in error ask a review of the order of the court refusing to confirm the second sale and ordering it set aside. But a question of our jurisdiction at once arises, because, if that order was not a final one, we cannot take jurisdiction, and the only disposition to be made of the matter is to grant the motion of the defendant in error to dismiss the writ for lack of jurisdiction.

The Code of Civil Procedure of Alaska (sections 1336, 1337, Comp. Laws of Alaska) provides that appeals and writs of error may be taken and prosecuted from "final judgments and decrees" and from interlocutory orders granting or dissolving injunctions, or refusing to grant or dissolve injunctions in pending causes. An order setting aside a sale upon the ground that property which did not belong to the judgment debtors had been included in a lump sum sale was a disposition of a step in the case but not of the case itself. Such an order merely sets aside one sale, and presumably the court intends to order another. And in the present case the irregularities or defects pointed out by the District Court were at least sufficient grounds upon which the discretionary act of refusing to confirm could be predicated; and that being so, unless there was a manifest abuse of judgment, or an unreasonable exercise of authority, the writ of error will not be sustained. In Butterfield v. Usher, 91 U. S. 246, 23 L. Ed. 318, after a sale was confirmed and a deed was approved, an order of confirmation was set aside and leave granted to show cause against confirmation. Showing was made, order of confirmation followed, and appeal was taken to the Supreme Court of the District of Columbia, where the sale was vacated and a decree of resale was ordered. Upon appeal from the decree it was held that while a judgment confirming the sale would have been final, the decree appealed from was analogous to a judgment of reversal with directions for a new trial or hearing, which is not final. The court referred to Blossom v. Railroad Co., 1 Wall. 655, 17 L. Ed. 673, where, under a decree of foreclosure of mortgage, a bid was made by one not a party to the suit in foreclosure, but the sale was suspended. Appeal was entertained because the decree appealed from was held to be final and an end of proceedings as to the bidder's rights. Shipley v. Shamwell, 41 App. D. C. 267,

Ann. Cas. 1915A, 1148; Stroup v. Raymond, 183 Pa. 279, 38 A. 626, 63 Am. St. Rep. 758; 10 R. C. L. § 118; The St. Paul (C. C. A.) 262 F. 1021; Aultman v. Humphrey, 8 Kan. App. 2, 53 P. 789; 17 Cyc. 1285.

For lack of jurisdiction, the writ of error is dismissed.