## DIKEMAN et al. v. JEWEL GOLD MINING CO. et al.

(Circuit Court of Appeals, Ninth Circuit. June 14, 1926.)

No. 4829.

Execution ⊂⊃302.

Under Alaska Statute, execution sale of property of lessor to satisfy specific liens against it held to exhaust such liens, and after redemption of property by lessee it was not subject to resale to satisfy same demands.

Appeal from the District Court of the United States for the Third Division of the Territory of Alaska; E. E. Ritchie, Judge.

Action by J. M. Dikeman and others against the Jewel Gold Mining Company and others. From an order denying a petition for resale of property of the named defendant to satisfy certain claims, plaintiffs appeal. Affirmed.

See, also, 2 F.(2d) 665.

Arthur Frame and Jas. S. Truitt, both of Anchorage, Alaska, and Walter Christie, of San Francisco, Cal., for appellants.

W. H. Rager, of Anchorage, Alaska, for appellee Jewel Gold Mining Co.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This case was before this court on writ of error in Dikeman v. Jewel Gold Mining Co., 2 F.(2d) 665, where a full statement of the facts may be found. After the writ of error was there dismissed for want of jurisdiction, the plaintiffs in the court below petitioned that court for an order directing a resale of the property of the Jewel Gold Mining Company, the lessor, to satisfy the balance due on the personal decrees against the lessee. The present appeal is from an order denying that petition. As will appear from the statement referred to, personal decrees were entered in favor of the several plaintiffs and against the lessee, Jewel Mining Syndicate, but no relief was awarded against the lessor, Jewel Gold Mining Company, beyond a decree establishing certain liens against its property and directing a sale thereof to satisfy them.

Briefly stated, the appellants now contend that the redemption by the lessee reinstated their liens against the property of the lessor, and the property should be resold to satisfy those liens. On the other hand, the appellees contend that the liens against the property of the lessor were exhausted by the sale, and that the same property cannot be resold to satisfy the same demands, even though there has been a redemption from the prior sale. This latter contention must be sustained. As is well known, the Alaska statute was taken from the laws of Oregon, and both sides invoke the construction placed on the laws of Oregon by its Supreme Court. In Flanders v. Aumack, 32 Or. 19, 51 P. 447, 67 Am. St. Rep. 504, it was held that the redemption of real property from an execution sale by the grantee of the judgment debtor, when the property was bid in for less than the amount of the judgment, reinstates the lien for the unpaid balance, and a resale of the property may be had to satisfy the same. But the court was careful to distinguish between specific liens and general judgment liens. Thus, it was said:

"A mortgage is a specific lien, which attaches by virtue of the contract of the parties concerned; but the lien of a judgment is general, and attaches by operation of law, as a sequence of its rendition. Foreclosure is a remedy by which the property covered by the mortgage may be subjected to sale for the payment of the demand for which the mortgage stands as security, and, when the decree is had and the property sold to satisfy it, the mortgagee has obtained all he contracted for; but, if there is also a personal decree against the mortgage debtor, this becomes, from the date of its docketing, a general lien upon his real property, as in case of a judgment; and, if a deficiency remains after the application of the proceeds of the sale of the lands covered by the mortgage, the decree may be enforced by execution, as in ordinary cases. * * *

The resale does not take place under the order for the sale of the specific property covered by the mortgage lien, for that has been exhausted, but under the personal decree which remains as a deficiency decree against the mortgage debtor after the application of the proceeds arising under the order of sale; and a redemption will not reinstate the specific mortgage lien, while it will the general lien acquired by the personal decree. This distinction is clear, and is bottomed both upon principle and authority. The redemption is from the sale, and not from the mortgage; and if the lien of the personal decree has never attached, by reason of the mortgagor not having the fee of the property at the time it was rendered, there never existed any lien to be reinstated against his successor in interest, who purchased prior to the decree."

See, also, Williams v. Wilson, 42 Or. 299, 70 P. 1031, 95 Am. St. Rep. 745.

It will thus be seen that, under the decisions of the Supreme Court of Oregon, the specific liens against the property of the lessor were exhausted by the sale, and were not reinstated by the subsequent redemption.

The decree is therefore affirmed.