## BUTTERFIELD *v.* USHER.

Where the Supreme Court of the District of Columbia, at the general term thereof, rendered a decree vacating and setting aside a judicial sale of lands which had been confirmed by an order of the special term of said court, and directing a resale of them, — *Held*, that the decree was not final, and that no appeal would . therefrom to this court.

APPEAL from the Supreme Court of the District of Columbia.

On the 7th June, 1872, a decree was rendered by the Supreme Court of the District of Columbia in a suit in equity between Horace S. Johnston, plaintiff, and George Usher, defendant, directing a sale of certain lands, the property of Usher. In pursuance of this decree, a sale of the property was made to John W. Butterfield on the 30th of September. This sale was reported to the court Oct. 16; and on the 15th November an order of confirmation was entered, unless cause to the contrary should be shown on or before Dec. 10. Cause was not shown by the time limited; and thereupon, on the 12th December, Butterfield paid the amount of his bid to the trustee who made the sale, and received from him a deed of the property. Previous to this time, there had been no order of the court directing a conveyance; but on that day the trustee reported to the court that he had received the purchase-money, and executed the deed; and thereupon an order was entered,

ratifying and confirming the sale and approving the deed.   This deed was left for record in the land records of the District on the day of its execution.

On the 14th December, and during the same term of the court, the order of Dec. 12 was set aside on the petition of Usher, and leave granted him until Dec. 21 to show cause against the confirmation.   At the appointed time he did appear, and made his showing; but on the 25th January an order of confirmation was again entered.   From this order Usher appealed to the general term, where, on the 7th June, the following decree was entered : —

"Upon the offer of the defendant making an advance on the sale heretofore made, it is ordered, adjudged, and decreed by the court, this seventh day of June, A. D. 1873, that the sale heretofore made in this cause by Francis Miller, Esq., trustee, be, and the same is hereby, vacated and set aside.   And it is further ordered that the said trustee may proceed to advertise and resell the property, and that the expenses of the cause heretofore incurred may be paid out of the proceeds to be realized from the sale hereby directed to be made.   And it is further ordered that the money in the hands of the trustee be paid back to the purchaser, with interest thereon at the rate of ten per cent per annum, to be paid by the defendant Usher, and to be deducted by the trustee from the proceeds to come into his hands from the further sale hereby ordered.   And it is further ordered that the trustee, in reselling the property, put up the same at a price not lower than the sum realized at the former sale, together with the sum of five hundred dollars advance offered by George W. Hauptman."

From this decree Butterfield has taken this appeal.   He alone appears as appellant, and Usher alone as appellee.

An appeal lies to this court from the *final* decree of the Supreme Court of the District of Columbia in any case where the matter in dispute exceeds the sum of one thousand dollars. Rev. Stat. sect. 705.

"In case of the sale of things, real or personal, under a decree in equity, the decree confirming the sale shall divest the right, title, or interest sold, out of the former owner, party to the suit, and vest it in the purchaser, without any conveyance by the officer or agent of the court conducting the sale; and the decree shall be notice to all the world of this transfer of title when a copy thereof shall be regis-

tered among the land records of the district; but the court may, nevertheless, order its officer or agent to make a conveyance, if that mode be deemed preferable in particular cases." Rev. Stat. relating to the Dist. of Col., sect. 793,

*Mr. Enoch Totten* for the appellant, and *Mr. Richard T. Merrick* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The decree here appealed from disposed finally of a motion made in the case, but not of the case itself. It simply set aside one sale that had been made, and ordered another. A decree confirming the sale would have been final. But this decree is analogous to a judgment of reversal with directions for a new trial or a new hearing, which, as has been often held, is not final. Where the practice allows appeals from interlocutory decrees, an appeal might lie from such a decree as this. Such was the practice in New York. 2 Rev. Stat. (N. Y.) 605, sects. 78, 79; id. 178, sects. 59, 62. Consequently it was said, in *Delaplaine* v. *Lawrence*, 10 Paige, 604, "In sales by masters, under decrees and orders of this court, the purchasers who have bid off the property and paid their deposits in good faith are considered as having inchoate rights, which entitle them to a hearing upon the question whether the sales shall be set aside; and, if the court errs by setting aside the sale improperly, they have the right to carry the question by appeal to a higher tribunal." But our jurisdiction upon appeal is statutory only. If some act of Congress does not authorize a case to be brought here, we cannot take jurisdiction. Appeals cannot be taken to this court from the Supreme Court of the District, except after a final decree in the case by that court. The decree in this case not being final, we have no jurisdiction.

We do not wish to be understood as holding that a purchaser at a sale under a decree in equity may not, at a proper stage of the case, appeal from a decree affecting his interests. All we do decide is, that there cannot be such an appeal to this court until the proceedings for the sale under the original decree are ended.

In *Blossom* v. *R.R. Co.*, 1 Wall. 655, and 3 id. 196, we en-

tertained such an appeal; but the decree there appealed from was final.  There was no order to resell, for the reason, that, between the time of Blossom's bid and the time of the order of the court appealed from, the decree for the satisfaction of which the sale had been ordered was paid.  The decree against Blossom, therefore, was the last which the court could make in the case.  It ended the proceedings, and dismissed the parties from further attendance upon the court for any purpose connected with that action.

*This appeal is, therefore, dismissed for want of jurisdiction.*