### SPANGELO v. NORTHERN DAKOTA RY. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. September 29, 1921.)

No. 5807.

1. **Appeal and error ☞148—Purchaser under decree not a party who may appeal.**

A purchaser of property at a foreclosure sale does not thereby become a party to the suit who may maintain an appeal from an order made therein.

2. **Appeal and error ☞69 (1)—Order refusing to confirm sale not appealable.**

An order of a District Court refusing to confirm a sale in a foreclosure suit and directing a new sale is not a final order and is not appealable.

Appeal from the District Court of the United States for the District of North Dakota; Charles S. Amidon, Judge.

Suit in equity by the Minneapolis Trust Company against the Northern Dakota Railway Company and others. Jens H. Spangelo appeals from an order of the District Court. Appeal dismissed.

G. Grimson, of Langdon, N. D., and S. Johnson, of Grand Forks, N. D. (J. M. Snowfield, of Langdon, N. D., on the brief), for appellant.

C. J. Murphy, of Grand Forks, N. D. (T. A. Toner, of Grand Forks, N. D., on the brief), for appellees.

Before HOOK, Circuit Judge, and TRIEBER and NEBLETT, District Judges.

PER CURIAM. Under a decree of foreclosure of a mortgage, in which the Minneapolis Trust Company was plaintiff and the Northern Dakota Railway Company, defendant, the property of the railway was sold by a special master appointed by the court for the sum of $35,-000. Upon objections urged by the mortgagor, the railway company, that the amount bid was inadequate, the court disapproved the sale and thereupon entered an amended decree of foreclosure, adding to the original that the special master is to offer the property for sale as an

entity first, and if a satisfactory price could not be obtained, that the property be dismantled and the material assembled at a convenient point and sold by the special master.

The special master proceeded with the new notice of sale at which the appellant, Spangelo, again bid $35,000, which bid the special master declined to accept and postponed the sale. He reported the situation to the court, asking further instructions. Spangelo appeared at the hearing and insisted that his bid be accepted. The court denied his request and the proceedings of the special master were approved. The order further provided that if the appellant, or any other party, would pay the special master $65,000 within a certain specified time, the sale should be made to such party, but if no such payment should be made, the special master was directed to carry out the decree, dismantle the line, and sell the material. At the request of Spangelo the time for payment of the $65,000 was extended, he representing that he and other interested parties were engaged in an effort to raise this money and would be able to do so within a stated time. On the last day of the extension, no payment having been made, appellant, without any further application to the court, took this appeal.

[1] The appellee filed a motion to dismiss the appeal upon the ground that the appellant is not a party to the action, nor did he ever apply to be made a party thereto. The motion must be granted. Bayard v. Lombard, 50 U. S. (9 How.) 530, 13 L. Ed. 245; Ex parte Cockcroft, 104 U. S. 578, 26 L. Ed. 856; Ex parte Cutting, 94 U. S. 14, 24 L. Ed. 49; Cook v. Lasher, 73 Fed. 701, 19 C. C. A. 654.

[2] Another ground upon which the appeal must be dismissed is that there is no final decree. Butterfield v. Usher, 91 U. S. 246, 23 L. Ed. 318; The St. Paul, 262 Fed. 1021 (C. C. A. 2d Ct.).

The appeal is dismissed.

Judge HOOK participated in the hearing of the case and concurred in the conclusion reached, but died before the opinion was prepared.