## SMITH v. HILL et al.

(Circuit Court of Appeals, Third Circuit. April 15, 1925.)

No. 3341.

**1. Receivers ⟲137—Refusal to confirm sale, without evidence that bid was grossly inadequate, would be abuse of "judicial discretion."**

Refusal to confirm receivers' sale to only bidder, wholly without evidence that bid was grossly inadequate, would constitute abuse of discretion, since "judicial discretion" is not the indulgence of a judicial whim, but the exercise of judicial judgment, based on facts and guided by law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judicial Discretion.]

**2. Receivers ⟲137—Refusal to confirm bid at receivers' sale, because grossly inadequate, held not abuse of discretion.**

Refusal to confirm bid of $160,000 for real estate appraised at $9,000, 99-year lease appraised at more than $533,000, machinery, fixtures, and equipment appraised at more than $313,000, 65,000 shares of capital stock, and bonds of face value of $240,000, secured by mortgage, not appraised, because grossly inadequate, *held* not abuse of discretion, notwithstanding announcements, made before sale, tending to chill bidding, and failure of appraisement to allow for depreciation in values of property.

**3. Receivers ⟲137—Appraisement is not conclusive, but may be considered by court in determining adequacy of bid.**

Appraisement of property being sold at receivers' sale, though not conclusive, may be considered by court in determining adequacy of bid before confirmation of sale.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Proceeding by John P. Hill and another, as receivers of the Hydro United Tire Company, for sale of assets of such company. From an order refusing to confirm a bid of F. Haskell Smith, he appeals. Affirmed.

Isaac A. Pennypacker, of Philadelphia, Pa., for appellant.

Henry W. Braude, of Philadelphia, Pa., for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. [1] The appellant made the only bid at a receivers' sale, which, later, the District Court refused to confirm. Asserting his inchoate right of a bidder at a judicial sale, the appellant took this appeal (Investment Registry, Ltd., v. Chicago & M. E. R. Co., 212 F. 594, 129 C. C. A. 130; Metzler v. Wyoming National Bank [C. C. A.] 278 F. 620; Stokes v. Williams, 226 F. 148, 141 C. C. A. 146; 3 C. J. 652, 653), and charges that the learned trial judge, in refusing confirmation, abused his discretion in that he acted on an entire absence of evidence that the bid was grossly inadequate. If this be true, he erred, for judicial discretion is not the indulgence of a judicial whim, but is the exercise of judicial judgment based on facts and guided by law.

The facts of this case are highly involved. Therefore in looking for evidence on which the order was based we shall confine ourselves to the record and state only enough to show the ground for the court's action.

The plant in question is in Pottstown, Pa. It was built, equipped and owned by the National Rubber Realty Company. That company placed a first mortgage on the property for $250,000 to secure bonds for a like amount. In 1920 it leased the property to the Hydro United Tire Company for 99 years, subject to the mortgage. Later, the Hydro United Tire Company acquired $240,000 of the $250,000 bond issue of the National Rubber Realty Company, and also acquired 65,039 shares of the stock of the National Rubber Products Corporation. The latter corporation owns the majority of the stock of the National Rubber Company, which in turn owns all of the stock of the National Rubber Realty Company. The Hydro United Tire Company went into the hands of receivers and, in due course, a portion of its property was appraised. Pursuant to an order of the court the receivers advertised and offered certain of the property for sale, subject to confirmation by the court, as follows:

A parcel of real estate, in fee, appraised at $9,000; the 99-year lease held by the Hydro United Tire Company upon the premises of the National Rubber Realty Company, appraised at $533,214.57; machinery, furniture, fixtures and equipment appraised at $313,957.52; 65,039 shares of the capital stock of the National Rubber Products Corporation, not appraised; and $240,000 of bonds secured by the mortgage on the plant of the National Rubber Realty Company, not appraised. These bonds were pledged with the National Bank of Pottstown as security for a debt of the Hydro United Tire Company (or of its receivers) amounting to $127,948.52 and interest, payable out of the proceeds of the sale before the bonds could be obtained and delivered to the purchaser. For these properties, thus appraised and not appraised, the appellant made a bid of $160,-

000 which the receivers accepted at the sale but resisted when the sale came on for confirmation. All this was before the court. But there was more than this. At the sale attorneys for various interests appeared and made announcements as follows: One, speaking for the Hydro United Tire Company, stated that that company was about to appeal to the Supreme Court of the United States from an order of the District Court denying its motion to dismiss the bill appointing receivers, and that, if successful, purchasers at the sale would take nothing; another, speaking for the Union Bond & Mortgage Company, gave notice that the 65,-039 shares of the stock of the National Rubber Products Corporation would not vest in the purchaser the control of the National Rubber Realty Company as set forth in the catalogue giving the terms of the sale; and still another, representing the National Rubber Realty Company, called attention to a provision in its lease with the Hydro United Tire Company requiring its consent to an assignment of the lease and announced that it would not consent to an assignment to the purchaser. The Security Trust Company of Pottstown, the trustee of the mortgage for the $250,000 bond issue of the National Rubber Realty Company, notified prospective bidders that the mortgage covered the plant and its equipment and that the purchaser of the plant or of its equipment would take only a leasehold interest in the same, subject to the mortgage, and would not be permitted to remove any part of it from the premises.

[2, 3] All of this is in the record, and all of it is evidence which the learned trial judge could properly use in forming his judgment and exercising his discretion. First, it is clear that the various announcements made before the sale inevitably tended to chill the bidding. Next, the appraisement, though not conclusive, is evidence which the learned trial judge could validly use in determining the adequacy of the bid. The appraisement, however, is attacked on the ground that it is excessive in that, admittedly, the valuations were made upon the basis of prevailing prices for reconstruction as of its date (November 1, 1922) without allowing for depreciation. Still, it has value as evidence in view of the fact that the property was comparatively new. The lease and fixtures offered and bid for were appraised at a total of $856,172.09; the $240,-000 first mortgage bonds and the 65,039 shares of stock were not appraised. The appellant's bid of $160,000 covered all.

Moreover, from this bid of $160,000 the sum of $127,984.52 would have to be deducted and paid the National Bank of Pottstown to meet its loan and release the $240,000 of bonds for delivery to the purchaser, leaving only the sum of $32,000 as the actual return to the receivers—and to the creditors—from the sale of the first mortgage bonds, the lease and the physical properties of the corporation. If the appraisement were, say, twice the value of the property, yet the great disparity between a reduced appraisement and the purchase price is such as to make it impossible for us to say (notwithstanding the purchaser might have been buying litigation) that the learned trial judge abused his discretion in refusing to confirm the sale.

The order is affirmed.