513 F.2d 92
 Beatrice LEVIN, Plaintiff-Cross Defendant-Appellee
v.
Frank BAUM, a/k/a Frank m. Baum, Defendant -Appellee
UNITED STATES of America, Intervenor-Cross Plaintiff-Appellee.
v.
Nathan GROSSGOLD, Intervenor-Cross Defendant-Appellant
 No. 74-1126
 United States Court of Appeals, Seventh circuit
 Argued Nov. 20, 1974
Decided April 8, 1975
 
 Anna R. Lavin, Edward J. Calihan, Jr., Chicago, Ill, for defendant-appellant.
 James R. Thompson, U.S. Atty., Gary l. Starkman and Robert A. filpi, Asst. U.S. Attys., Harold L. Priess, Chicago, Ill., for appellees.
 Before HASTINGS, Senior Circuit Judge and STEVENS and SPRECHER, Circuit Judges.
 STEVENS, Circuit Judge.
 
 
 1
 Nathan Grossgold, the successful bidder for a promissory note at a judicial sale, appeals from the order of the district court vacating its prior confirmation of the sale and ordering the note resold.[1]
 
 
 2
 We are faced at the outset with a question concerning our jurisdiction to entertain this appeal. Specifically, is an order of the district court vacating a prior confirmation of a judicial sale a "final decision" within the meaning of 28 U.S.C. Sec. 1291?[2] While the government has argued that such an order is final and Grossgold, the appellant, obviously believes it is, we have the obligation to scrutinize the record independently to determine whether our jurisdiction is properly invoked.[3]
 
 
 3
 In Butterfield v. usher, 91 U.S. (1 Otto) 246, 23 L.Ed. 318 the purchaser at a judicial sale conducted pursuant to a decree of the Supreme Court of the district of Columbia sought review of an order of that court vacating its prior confirmation and ordering the property resold. Rev.Stat. Sec. 705 (1873) provided that an appeal lay from a "final decree" of the supreme Court of the district of columbia to the united States Supreme Court if the matter in dispute exceeded the sum of $1,000. In dismissing the appeal for want of jurisdiction, the Court held:
 
 
 4
 The decree here appealed from disposed finally of a motion made in the case, but not of the case itself. It simply set aside one sale that had been made, and ordered another. A decree confirming the sale would have been final. But this decree is analogous to a judgment of reversal with directions for a new trial or a new hearing, which, as has been often held, is not final.
 
 
 5
 91 U.S. (1 Otto) at 248.[4] After commenting on the New york Practice which allowed appeals from interlocutory orders, the Court added:
 
 
 6
 But our jurisdiction upon appeal is statutory only. If some act of congress does not authorize a case to be brought here, we cannot take jurisdiction. Appeals cannot be taken to this court from the Supreme Court of the District, except after a final decree in the case by that court. The decree in this case not being final, we have no jurisdiction.
 
 
 7
 Ibid. The Court stated clearly, however, that its holding would not preclude a purchaser from appealing a decree affecting his interests " at a proper stage of the case."
 
 
 8
 Subsequent decisions of the courts of appeals, following Butterfield, have also held that a district court order vacating a judicial sale confirmation and requiring a resale is not final for purposes of appellate review. See Dikeman v.Jewel Gold Mining Co., 2 F.2d 665, 666 (9th Cir.1924);[5] Spangelo v. Northern Dakota Ry Co., 276 F. 26, 27 (8th cir.1921); The St. Paul, 262 F. 1021 (2d Cir.1919), cert. denied, 252 U.S. 578, 40 S.Ct. 344, 64 L.Ed. 725. See also The East Hampton, 48 F.2d 542, 544 (2d Cir.1931).[6]
 
 
 9
 There is some contrary authority; the government relied upon the decisions in Morrison v. Burnette, 154 F. 617 (8th Cir.1907) and Investment Registry, Ltd. v. Chicago & M.E.R. Co., 212 F. 594 (7th Cir.1913).[7] In Morrison, the United States District court in the Western District of the Indian Territory had set aside a prior confirmation of a judicial sale of mineral rights and ordered a resale. The purchaser at the first sale sought review, and the Eighth Circuit concluded that it had jurisdiction over the appeal:
 
 
 10
 [T]he order which avoided the sale and the lease to the appellants deprived them of all right, privilege, and opportunity to secure or enforce the lease which the guardian had made to them. A decision which completely determines the rights of parties in the pending proceeding, who are not jointly liable with others, is a final decision, reviewable by appeal or by writ of error under the acts of congress.
 
 
 11
 154 F. at 622.
 
 
 12
 The value of Morrison as precedent for our decision here is undermined, however, for several reasons. First, in Spangelo a later Eighth Circuit panel reached the opposite conclusion, albeit without referring to Morrison. Second, although the language in Morrison suggests that an interlocutory appeal from an order vacating a confirmation and ordering a resale is within the jurisdiction of the courts of appeals, such were not the facts in that case. The purchaser did not sue out a writ of error until after the second sale had been held and its results confirmed by the lower court. 154 F. at 619. Thus, there were no further proceedings pending below, and the decision appealed from was undeniably final. Third, the general principle set forth in Morrison--that any decision completely determining the rights of a party is a reviewable, final decision-is not a correct statement of the law today, regardless of its accuracy at that time. An order granting partial summary judgment against less than all defendants in a suit does not become reviewable at the behest of such defendants in the absence of a rule 54(b) determination, for example, even though it completely determines their rights. See Sears, Roebuck & co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297. Thus, the fact that an order vacating confirmation arguably terminates the rights of the initial purchaser does not necessarily mean that a "final decision" has been rendered in the district court when a resale has been ordered. Finally, Morrison made no reference to Butterfield, the relevant Supreme Court case authority.
 
 
 13
 The 1913 decision of this circuit in the Investment Registry, Ltd. case also appears to rely on a rationale which could not be squared with Rule 549b) today. In that case the court held that the order setting aside a foreclosure sale and ordering a resale was final as to the purchaser-appellant before the court. Judge Baker's opinion makes this point clearly:
 
 
 14
 A decree setting aside a sale on foreclosure and ordering a resale confessedly does not end the case. That continues with all the parties in that were in before the sale. But the bidder at the sale becomes a new party; the acceptance of his bid gives him the rights of a purchaser unless legal objections to confirmation can be shown; and the decree which puts him out of court as a party and terminates his asserted rights as a purchaser appears to us very clearly a final decree as to him.
 
 
 15
 212 F. at 603 (emphasis added0.
 
 
 16
 Although the Court cited the earlier Supreme Court decision in Butterfield, Judge Baker's opinion does not clearly explain why that case was not deemed controlling.[8] Under these circumstances we feel compelled to follow the Butterfield holding.[9] For while the Investment Registry, Ltd. opinion correctly noted that orders granting confirmation re appealable as final decrees, it does not follow that orders vacating a prior confirmation and ordering resale enjoy the same status. In such a case, the entire proceeding is still pending in the district court.
 
 
 17
 212 F. at 603-604.
 
 
 18
 We believe a correct interpretation of the requirement of finality in Sec. 1291 requires us to hold that successful bidders, such as Grossgold, may not appeal a subsequent vacation of a confirmation order until after the resale takes place and is itself confirmed.[10] In this way the important federal policy against piecemeal appeals is respected,[11] and all objections to the proceedings below may be heard in an orderly and thorough manner. Another reason for finding the instant order nonfinal is that, should Grossgold be the successful bidder at a second sale, the need for any appeal may well be obviated.[12]
 
 
 19
 We recognize, as the government argues, that our holding may mean that the purchaser at a second sale may be "purchasing a law suit" because the first purchaser's claims of ownership will not yet have been ruled upon by an appellate court. Nevertheless, we believe our result is the desirable one, not only because of the savings in judicial resources it engenders, but also because of the considerable delay in the conduct of the resale, with all of the attendant uncertainties with respect to the value of the property, that it obviates.
 
 
 20
 Consequently, we hold that a purchaser at a judicial sale may not appeal the vacation of the confirmation of that sale until after the confirmation of a subsequent resale.
 
 
 21
 The appeal is dismissed for want of jurisdiction.
 
 
 
 [1]
 The district court vacated its prior confirmation on September 12, 1973, because it found that "the purchase price at the sale was so inadequate as to shock the conscience of the Court." Grossgold contends here that such is not an adequate ground for vacating a confirmation. In support of the district court's order, the united States, an intervenor in the district court, argues, in addition to the grounds stated in the order, that Grossgold's appeal from the September 12 order was not timely filed, and therefore, that we are called upon to review only the district court's denial of Grossgold's motion to vacate the September 12 order. In view of our disposition of this appeal, we need not decide, and express no views on the merits of, the substantive issue. Insofar as we held that Grossgold has not appealed from a "final decision" of the district court, we reject the government's "timely appeal" contentions
 
 
 [2]
 Our determination of this question does not change if we accept the government's position (see n. 1, supra) that Grossgold is in reality appealing from the denial of a motion to vacate the order vacating confirmation, rather than from the latter order itself. Section 1291 provides:
 "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the united States, the United States District court for the District of the Canal Zone,the District Court of Guam, and the District Court of the virgin islands, except where a direct review may be made in the Supreme Court."
 
 
 [3]
 See Stream Pollution control Board of the State of Indiana v. United States Steel Corp., 512 F.2d 1036 (75h Cir.1975)
 
 
 [4]
 In so holding, the court distinguished an earlier decision, Blossom v. Milwaukee & Chicago R.R. Co., 68 U.S. (1 Wall.) 655, 17 L.Ed. 673 where a bidder at a suspended sale had been permitted to appeal an order refusing to have the sale completed and confirmed
 "There was no order to resell, for the reason, that, between the time of Blossom's bid and the time of the order of the court appealed from, the decree for the satisfaction of which the sale had been ordered was paid. The decree against Blossom, therefore, was the last which the court could make in the case. It ended the proceedings,and dismissed the parties from further attendance upon the court for any purpose connected with that action."
 91 U.S. (1) Otto) at 249.
 
 
 [5]
 In Dikeman, the Court of appeals' jurisdiction to review the order of the United States District Court for the Territory of Alaska was limited by statute to review of "final judgments and decrees," as had been the case in Butterfield
 
 
 [6]
 In The East Hampton, the court noted that both libellants had been paid. Since that put an end to the suit, the order appealed from was final, as had been the case in Blossom, supra n. 4
 
 
 [7]
 Some additional support is offered by In re Realty Foundation, Inc., 75 F.2d 286 (2d Cir.1935); Smith v. hill, 5 F.2d 188 (3rd cir.1925); and Metzler v. Wyoming National bank, 278 F. 620 93rd Cir.1922). Smith relied solely on Investment Registry, Ltd. In the other two decisions, which involved appeals by purchasers from vacation orders, the courts' jurisdiction was not discussed
 
 
 [8]
 The discussion in which the Butterfield case is cited reads as follows:
 *"To say that the successful bidder at the first sale may become the purchaser at the second or subsequent sales seems to us no answer. He may not. And the finality of a decree is to be determined by its own force, not by contingencies outside the record. We find nothing in Butterfield v. usher, 91 U.S. 246, 23 L.Ed. 318, McLish v. Roff, 141 U.S. 661, 12 S.Ct. 118, 35 L.Ed. 893, and Doyle v. London Guaranty Co., 204 U.S. 599, 27 S.Ct. 313, 51 L.Ed. 641, relied on by appellee, to require a different conclusion; and the numerous cases respecting confirmation may rightly be taken to indicate the general opinion of the profession that decrees granting or denying confirmation are appealable as final decrees."
 
 
 [9]
 Although the amendments to Rule 54(b) have generally facilitated the taking of appeals, it is safe to assume that the rule has also resulted in postponing the time for appeal in certain situations. Judge Lindley's comments in Winsor v. Daumit, 179 F.2d 475, 476-478 (7th cir.1950), lend support to our conclusion that a pre-rule 54(b) decision allowing an appeal from an order final as to only one party should not necessarily represent controlling precedent thereafter
 
 
 [10]
 At one point in its brief, the government implicitly recognizes that when it states, "In our view, reason dictates that an order vacating a sale be final, at least unless the court by express inclusion or resale provisions avoids finality." Government's Brief at 8 (emphasis added0. In his order of September 12, 1973, Judge Decker provided for a new sale but deferred it "until further order of this court." The resale has apparently not yet been held
 
 
 [11]
 That policy was described by justice Frankfurter in Cobbledick v. United States:
 "Finality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary act and has been departed from only when observance of it would practically defeat the right to any review at all. since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaded-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause."
 309 U.S. 323, 324-325, 60 S.Ct. 540, 531, 84 L.Ed. 460 (Footnotes omitted0.
 
 
 [12]
 The order cannot be deemed a "final decision" within the meaning of the collateral order doctrine set forth in Dohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 and Swift & co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1209. While the substantive question Grossgold presents may well involve an unsettled question of law, his claims do not appear separable from the remainder of the proceedings below; were we to rule in Grossgold;'s favor, it would completely terminate any future district court activity. Nor does Grossgold's appeal present a question that could not be effectively reviewed on appeal from the final judgment; the passage of time and the holding of a second sale will not result in a loss of his rights