PELL, Circuit Judge.
 

 The appellant, Yorkville National Bank (Yorkville or Bank), appeals from the district court’s affirmance of the bankruptcy judge’s conclusion that a debt procured by fraud, and therefore nondischargeable in a Chapter 7 proceeding, is nonetheless dis-chargeable under Chapter 13.
 

 Our disposition of this appeal rests on whether the district court entered a final judgment within the meaning of 28 U.S.C. § 1291.
 

 The appeal also underscores a problem besetting the federal appellate courts with a discernible, and disturbing, frequency, that of resolving whether an appeal, apparently interlocutory, is properly before this
 
 *235
 
 court. Some judges have observed that the consideration of this threshold question is becoming unduly wasteful of judicial time. We are aware that the Department of Justice as well as the Congress have given attention to making explicit those situations in which interlocutory appeals should be entertained. Also, more recently under the leadership of Dean Paul D. Carrington, the Law and Contemporary Problems program of the Duke University School of Law has produced a definitive draft entitled Federal Civil Appellate Jurisdiction, an Interlocutory Restatement. The study thus far completed approaches the question with an analysis of each of the areas in which the question of the propriety of an interlocutory appeal might arise with references to existing law. Such an effort is to be commended.
 

 I. FACTS
 

 A detailed examination of the facts is necessary to clarify the posture of the present case before this court.
 

 The debtor, Anthony J. Bassak, is an attorney licensed to practice law in Illinois. In August, 1977, Bassak and Gary Bugbee, on behalf of Bugbee Drywall, Inc., applied for a loan from the Bank in the amount of $40,000.00. As part of the loan transaction, Bassak presented the following documents to Yorkville:
 

 (1) A Collateral Promissory Note which assigned all accounts receivable of Bugbee Drywall, Inc., as security for the loan and represented and warranted that the loan proceeds would be used for business purposes;
 

 (2) an actual list of accounts receivable;
 

 (3) a personal guarantee of the debtor;
 

 (4) a personal financial statement of the debtor;
 

 (5) a security agreement; and
 

 (6) a financing statement.
 

 The Bank subsequently perfected its security interest.
 

 When the loan came due, Bassak advised the Bank that he would not repay it. The Bank then learned that the list of accounts receivable provided by Bassak was totally fabricated, that the actual accounts of Bug-bee Drywall, Inc., had previously been assigned to another creditor, that the debtor’s financial statement was false, and that Bas-sak had used at least fifty percent of the loan proceeds to purchase a condominium. Yorkville obtained a judgment against Bas-sak based on his fraudulent actions in obtaining the loan.
 

 Shortly thereafter, Bassak filed his Chapter 13 plan, see 11 U.S.C. §§ 1321-1322, listing the bank as an unsecured creditor. Bassak owed the Bank $53,635.21. His plan proposed to pay ten percent of the allowed unsecured claims. Under the plan, York-ville was therefore to receive $5,363.52.
 

 Yorkville objected to the plan.
 
 See id.
 
 § 1324. On December 12,1980, Judge Merrick, the bankruptcy judge, confirmed Bas-sak’s plan.
 
 Id.
 
 § 1325. Yorkville filed various motions seeking modification,
 
 id.
 
 § 1329, and reconsideration. Among other things, Yorkville urged that it should be classified separately from other nonsecured creditors. On March 10, 1981, following a hearing, Judge Merrick entered a brief order that stated: “Motion denied on ground that debt which would be nondischargeable on ground of fraud under Chapter 7 is dischargeable under Chapter 13.”
 

 Yorkville appealed the confirmation of Bassak’s plan to the district court. The district court opinion noted that the appeal had been fully briefed before the decision of this court in
 
 In re Rimgale,
 
 669 F.2d 426 (7th Cir.1982). Judge Kocoras then stated:
 

 Clearly, the
 
 Rimgale
 
 decision suggests that a nondischargeable debt in a Chapter 7 proceeding under § 523(a)(2), (4) or (6) is dischargeable under the more liberal provisions of Chapter 13. The Bankruptcy court’s finding in that regard is therefore affirmed.
 

 In the next paragraph of his opinion, the district judge noted that the Seventh Circuit remanded
 
 Rimgale
 
 to the Bankruptcy Court for consideration of the debtor’s good
 
 *236
 
 faith under Section 1325(a)(8).
 
 [1]
 
 Judge Ko-coras concluded that a remand of the present case to the Bankruptcy Court for reconsideration of Bassak’s plan in light of the factors enumerated in
 
 Rimgale
 
 was desirable.
 

 Pursuant to the remand order, the Bankruptcy Court set a hearing date for September 21, 1982. On September 2, Yorkville filed a Notice of Appeal. Apparently, the Bankruptcy Court has not acted on the case during the pendency of the appeal before this court.
 

 II. DISCUSSION
 

 Both parties to this appeal addressed the substantive questions whether Bassak’s debt to Yorkville should be dischargeable under Chapter 13 and whether the Bank should be classified separately from other unsecured creditors. Neither party discussed the jurisdiction of this court except for the succinct statement in Yorkville’s brief that this court has jurisdiction pursuant to 28 U.S.C. § 1291
 
 [2]
 
 because the Bank is appealing a final decision of the district court. The question with which we must begin is whether the judgment below is indeed “final.”
 
 [3]
 

 The Section 1291 requirement of a “final decision” by the district court is jurisdictional in nature.
 
 See, e.g., Levin v. Baum,
 
 513 F.2d 92, 94 (7th Cir.1975). Even though neither party has challenged the jurisdiction of this court on appeal, the court must raise the question
 
 sua sponte. E.g., Liberty Mutual Insurance Co. v. Wetzel,
 
 424 U.S. 737, 740, 96 S.Ct. 1202, 1204, 47 L.Ed.2d 435 (1976);
 
 Levin v. Baum,
 
 513 F.2d 92, 93-94 (7th Cir.1975). Absent a finding that the judgment below was final, this court must dismiss the appeal.
 
 See, e.g., Liberty Mutual Insurance Co. v. Wetzel,
 
 424 U.S. 737, 740, 96 S.Ct. 1202, 1204, 47 L.Ed.2d 435 (1976).
 

 In view of Judge Kocoras’ explicit remand to the Bankruptcy Court for reconsideration in light of
 
 Rimgale,
 
 which had not been decided at the time Judge Merrick first considered the present case, it is somewhat difficult to understand why both parties so readily assume that the Section 1291 finality requirement was satisfied. One theory does suggest itself.
 

 In ordering the remand, Judge Ko-coras specifically referred to the five factors enunciated by this court in
 
 Rimgale
 
 as relevant to the debtor’s good faith under 11 U.S.C. § 1325(a)(3). 669 F.2d at 423-33. Of those five factors, four deal with the accuracy of the Chapter 13 plan submitted by the debtor and the possibility that an inaccurate statement of debts might represent a deliberate attempt to mislead the Bankruptcy Court. These considerations were extremely relevant to
 
 Rimgale
 
 because the debtor had submitted to the Bankruptcy Court both an original and an amended plan that arguably misrepresented the amount of the tort judgment against Rimgale in favor of Mary Ravenot. The original and first amended plan also failed to provide for
 
 any
 
 payments to Ravenot. Rimgale’s “good faith” was questionable, in the court’s view, because of these omissions.
 

 In the present case, however, there are no allegations of inaccuracy in Bassak’s plan. Only the fifth factor enumerated in
 
 Rim-gale
 
 appears to have any relevance to the instant case. That factor requires the bankruptcy court to inquire as follows:
 

 
 *237
 
 (5) Do the proposed payments indicate “a fundámental fairness in dealing with one’s creditors.”
 
 In re Beaver,
 
 2 B.R. 337, 340 (Bkrtcy.S.C.Cal.1980)?22
 

 669 F.2d at 432-33. In footnote 22, the court elaborates on the focus of this consideration:
 

 In this connection, the bankruptcy court may wish to examine the timing of the bankruptcy filings, the proportion of the total unsecured debt that is represented by the [tort] judgment, and the equities of classifying together ordinary consumer debt and a judgment debt arising out of intentionally tortious conduct. See
 
 In re Sanders,
 
 13 B.R. 320, 322-323 (Bkrtcy.D.Kan.1981) (classification of claims governed by Section 1122, which provides that “a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class”; claims subject to discharge only under Chapter 13 are not “substantially similar” to fully dischargeable claims).
 

 669 F.2d at 433 n. 22. This fifth
 
 Rimgale
 
 factor is quite relevant to one of the theories upon which Yorkville has relied throughout this litigation: that it is entitled to be classified separately from other “unsecured” creditors and should be treated as a secured creditor or placed in a class by itself so as to reflect that the debt to the Bank would be secured but for Bassak’s fraudulent behavior.
 

 Because Judge Kocoras referred specifically to the
 
 Rimgale
 
 factors and because the only one of those factors relevant to the present case focuses on how the creditor should be categorized under the debtor’s Chapter 13 plan, it is possible that Yorkville and Bassak read the district court opinion as foreclosing further inquiry into whether Bassak’s debt to Yorkville is dischargeable. If one reads the district judge’s opinion as ordering only a limited remand on the categorization question, it is possible to conclude that, in a very broad sense, the judgment was “final” as to Yorkville’s argument that the debt should not be discharge-able.
 

 There is authority for the proposition that a district court order is appealable even if some claims of the plaintiff are not resolved by the order and there is a factual overlap between the claims resolved and those remaining unresolved.
 
 Sears, Roebuck & Co. v. Mackey,
 
 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). The
 
 Sears
 
 case, however, is distinguishable from the present controversy. In
 
 Sears,
 
 the plaintiff urged three separate common law interferences with its business and one antitrust count based on all three interferences. The district court dismissed one of the common law claims and the antitrust count and expressly stated, pursuant to Rule 54(b), Fed. R.Civ.P. 54(b), that these judgments were final.
 

 In the present case, Yorkville has asserted that Bassak’s debt should not be dischargeable, and, alternatively, that York-ville should be classified separately from other unsecured creditors for purposes of the debtor’s Chapter 13 plan. These are alternative legal theories; they are not “multiple claims” within the teaching of
 
 Sears.
 
 A final determination as to one of several legal theories is not an appealable final judgment.
 
 Page v. Preisser,
 
 585 F.2d 336, 339 (8th Cir.1978);
 
 Schexnaydre v. Travelers Insurance Co.,
 
 527 F.2d 855, 856 (5th Cir.1976);
 
 see also Perma Research & Development Co. v. Singer Co.,
 
 410 F.2d 572, 575 n. 10 (2d Cir.1969).
 

 Further, even if one could characterize the Bank’s alternative theories as different claims, the record below contains no explicit statement, comparable to the Rule 54(b) determination in
 
 Sears,
 
 that the district judge intended to enter any final judgment against Yorkville.
 

 Even if Judge Kocoras did intend to limit the inquiry of the Bankruptcy Court on remand to the question whether Yorkville should be classified separately from other unsecured creditors, we do not believe that the judgment below was “final” within the meaning of 28 U.S.C. § 1291. Yorkville might be found entitled to relief on the categorization question and that relief could
 
 *238
 
 result in Yorkville’s recovery of the entire amount owed by Bassak.
 
 [4]
 
 Further, we are not convinced that Judge Kocoras intended to limit the scope of the Bankruptcy Court’s inquiry in this manner.
 

 In the sentence preceding that which refers to the five
 
 Rimgale
 
 factors, Judge Ko-coras stated: “The Seventh Circuit did, however, remand
 
 [Rimgale
 
 ] to the Bankruptcy Court with specific directions to evaluate the debtor’s good faith under § 1325(a)(3).” The
 
 Rimgale
 
 court stated that “the conduct comprehended under the rubric ‘good faith’ will have to be defined on a case-by-case basis as the courts encounter various problems in the administration of Chapter 13’s provisions.” 669 F.2d at 431. The
 
 Rimgale
 
 factors were expressly stated to be a nonexhaustive guide to the Bankruptcy Court in determining the good faith issue presented by the facts of that case.
 
 Id.
 
 at 432. The facts in the present case are significantly different from those of
 
 Rimgale
 
 and it would appear difficult, if not impossible, to evaluate fully Bassak’s good faith if the Bankruptcy Court were limited to factors that were found relevant to a different factual context. Judge Ko-coras’ general reference to Section 1325(a)(3) and his clear awareness of this court’s concern that the good faith analysis be conducted on a case-by-case basis suggest that he did not intend to limit the remand so as to preclude the possibility that Bassak’s debt to the Bank might be found non-dischargeable. If this reading of the district court opinion is correct, there clearly was no final judgment within the meaning of 28 U.S.C. § 1291.
 

 CONCLUSION
 

 This court does not have jurisdiction over this appeal at the present time because there was no final judgment, 28 U.S.C. § 1291, below. Judge Kocoras has apparently retained jurisdiction of the case, pending further hearing before the bankruptcy judge on the question of Bassak’s good faith. In view of the current uncertainties regarding the jurisdiction of the bankruptcy courts,
 
 see Northern Pipeline Construction Co. v. Marathon Line Co.,
 
 —- U.S. -, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), we assume that the power exercised by the bankruptcy judge will not exceed that mandated prior to the enactment of the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, 92 Stat. 2549 (effective Oct. 1, 1979). The dismissal of this appeal does not prejudice the right of either party to appeal from the district court’s judgment once a final judgment is entered below.
 

 Appeal Dismissed.
 

 [1]
 

 . 11 U.S.C. § 1325 provides, in pertinent part: (a) The court shall confirm a plan if — ... (3) the plan has been proposed in good faith and not by any means forbidden by law.
 

 [2]
 

 . Yorkville’s brief actually states that jurisdiction is conferred on this court pursuant to
 
 12
 
 U.S.C. § 1291. That statutory section has nothing to do with either jurisdiction or any substantive issue involved in this case. We therefore assume that the intended statutory reference was 28 U.S.C. § 1291.
 

 [3]
 

 .Judge Kocoras did not certify any question to this court pursuant to 28 U.S.C. § 1292(b). Further, this case does not fall within any of the narrowly construed exceptions to the finality rule such as the collateral order doctrine,
 
 e.g., Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), or the rule, to the extent it may be recognized, permitting review of “death-knell” orders,
 
 see
 
 15 C. Wright & A. Miller,
 
 Federal Practice & Procedure
 
 § 3912 (1976).
 

 [4]
 

 . Under the Chapter 13 plan submitted by Bas-sak and approved by the bankruptcy judge, secured creditors will receive one hundred percent of the amount they are owed.