**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN HARRINGTON, as a participant
in The Sheet Metal Workers'
National Pension Fund,
Plaintiff-Appellee,

v.

JUNE M. CARLOUGH, as
representative of the estate of
Edward J. Carlough,

No. 97-2710

Defendant-Appellant,

and

JUDITH BOYCE, as representative of
the estate of Gordon Jones; C. T.
ROFF; RALPH E. WALDEN; FRED
KNOX; AIR QUALITY CONTROL,
INCORPORATED,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-97-21-A)

Argued: October 29, 1998

Decided: February 24, 1999

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David W. Silverman, GRANIK, SILVERMAN, CAMP-
BELL & HEKKER, New City, New York, for Appellant. William
Willis Carrier, III, TYDINGS & ROSENBERG, L.L.P., Baltimore,
Maryland, for Appellee. **ON BRIEF:** Roy A. Sheetz, TAYLOR,
THIEMANN & AITKEN, L.C., Alexandria, Virginia, for Appellant.
J. Hardin Marion, Patricia B. Miller, TYDINGS & ROSENBERG,
L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

June Carlough, in her capacity as Representative of the Estate of
Edward J. Carlough, appeals from a judgment entered by the United
States District Court for the Eastern District of Virginia in favor of
plaintiff-appellee John Harrington on his ERISA claim on behalf of
the participants and beneficiaries of the Sheet Metal Workers'
National Pension Fund ("Fund"). Because the judgment from which
Carlough appeals is not a final order, we dismiss her appeal without
prejudice.

I.

In 1991, Edward J. Carlough, then-chairman of the Fund's board
of trustees and General President of the Sheet Metal Workers' Inter-
national Association, arranged for the Fund's $1 million investment,
primarily through the purchase of a subordinated debenture, in a com-
pany called Air Quality Control, Inc. ("AQC"). The investment
proved improvident, as the Fund ultimately received only a fraction
of the interest payments, and recovered none of the principal, on its
debenture.

2

Appellee John Harrington brought this cause of action against, among others, appellant June Carlough as Representative of the Estate of the late Edward J. Carlough, alleging in two separate counts that Carlough and the other trustees had breached their fiduciary duty to the Fund's participants and beneficiaries in approving the AQC investment. In Count I of his complaint, Harrington alleged that Carlough breached his fiduciary duty by engaging in a "prohibited transaction" under the terms of § 406(a) of ERISA, 29 U.S.C. § 1106(a). In Count II, Harrington alleged that Carlough and the other former trustees had, by their investment of Fund assets in AQC, violated the more general fiduciary obligation, established by § 404(a) of ERISA, 29 U.S.C. § 1104(a), to act solely in the interests of the Fund's participants and beneficiaries.

Harrington moved for partial summary judgment on the "prohibited transaction" claim. The district court granted the motion with respect to liability, but reserved for trial Carlough's statute of limitations defense and the issue of damages. At no time did the district court directly address Count II of the complaint. After an abbreviated trial, the district court entered an order of judgment in favor of the plaintiff and awarded more than $2 million in damages. Carlough now appeals from that judgment and the subsequent award of attorneys' fees.

II.

With certain exceptions not relevant to this case, our jurisdiction is limited to appeal of final judgments. See 28 U.S.C. § 1291. Although the parties did not raise the issue, as a court of limited jurisdiction we are obliged, where there is some doubt, to consider sua sponte whether the district court judgment is an appealable final judgment. See Bender v. Williamsport Area Sch. Dist. , 475 U.S. 534, 541 (1986); Baird v. Palmer, 114 F.3d 39, 42 (4th Cir. 1997). Mindful of this obligation, following oral argument we requested supplemental briefing to determine whether appellate jurisdiction exists in this case even in the absence of a formal final judgment as to Count II of appellee's complaint.

Although "[a] final determination as to one of several legal theories is not an appealable final judgment," Chiari v. League City, 920 F.2d 311, 314 (5th Cir. 1991) (quoting In re Bassak , 705 F.2d 234, 237

3

(7th Cir. 1983)), jurisdiction will nonetheless lie where judgment has been entered on all non-abandoned claims. See , e.g., Moreau v. Harris County, 158 F.3d 241, 244 (5th Cir. 1998) ("If a party abandons one of its claims, a judgment that disposes of all remaining theories is final and appealable so long as it is apparent that the district judge intended the judgment to dispose of all claims."); Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n, 805 F.2d 663, 667 (7th Cir. 1986) ("We have held that an order that effectively ends the litigation on the merits is an appealable final judgment even if the district court did not formally enter judgment on a claim that one party has abandoned.") (emphasis added). Thus, if we conclude that appellee abandoned Count II in prosecuting his complaint before the district court, the absence of a formal final judgment on that count would not necessarily preclude our exercise of appellate jurisdiction. It is equally clear, however, that if appellee did not abandon this claim, there consequently has been no final judgment over which we may exercise jurisdiction under 28 U.S.C. § 1291.

Although appellant argues in favor of our jurisdiction on the grounds that Harrington did, in fact, abandon Count II of his complaint, appellee's supplemental brief conclusively rebuts any such suggestion. First, appellee simply denies that he abandoned Count II of his complaint before the district court and disclaims any intention to do so now. This is significant because courts exercising appellate jurisdiction over non-abandoned claims have often done so in reliance on the parties' mutual stipulations that all remaining counts were indeed abandoned prior to the entry of judgment. See, e.g., Moreau, 158 F.3d at 244; Baltimore Orioles, 805 F.2d at 666 (noting that in response to inquiry at oral argument the parties submitted an amended judgment order "mak[ing] clear . . . [that] the parties had abandoned [the remaining] claims").

Second, and even more importantly, the record supports appellee's contention that he did not abandon prosecution of his second count before the district court. In fact, appellee submitted proposed "Conclusions of Law" with respect to the allegations included in Count II the day before the challenged judgment was awarded.[1] Thus, because

_____

[1] Appellee has filed an unopposed motion to file an addendum, which includes this submission, to his supplemental brief. We hereby grant that motion.

4

appellee did not "fail[ ] to urge his . . . claim before the district court," Chiari, 920 F.2d at 314, or "bur[y] [the claim] in pleadings," Vaughn v. Mobil Oil Exploration & Producing Southeast, Inc., 891 F.2d 1195, 1198 (5th Cir. 1990), we cannot say that he "abandoned" its prosecution as that term is conventionally understood.

Accordingly, we hold that there has been no appealable final judgment, and dismiss the appeal, without prejudice, for lack of jurisdiction.**2**

DISMISSED

_____

**2** In lieu of dismissal, appellee urges us instead to grant the parties time to cure this jurisdictional defect by securing certification from the district court pursuant to Federal Rule of Civil Procedure 54(b). We have in the past exercised jurisdiction over an appeal of a judgment on less than all claims where the district court had certified appealability after the notice of appeal, so long as the appellee was not prejudiced by the tardy certification. See Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530, 531-32 (4th Cir. 1991). However, we have not exercised jurisdiction over such a claim in any case in which the district court has never considered certification at all. Lacking any statutory grounds for jurisdiction in such a case, we have no choice but to dismiss the appeal.

5