# In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-2078

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

*Plaintiff-Appellee*,

v.

JAMES O. ESTRELLA and LAURA ESTRELLA,

*Defendants-Appellees*.

CRONUS PROJECTS, LLC,

*Intervenor-Appellant*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 03 C 3796—**George W. Lindberg**, *Judge*.

_____

ARGUED NOVEMBER 5, 2004—DECIDED NOVEMBER 22, 2004

_____

Before EASTERBROOK, MANION, and SYKES, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Mortgage Electronic Registration Systems (MERS) filed this suit under the diversity jurisdiction to collect $306,000 owed by James and Laura Estrella on a note secured by a mortgage. The district court ordered the property sold and, applying Illinois law, appointed a Special Commissioner to conduct an

auction. MERS told the Commissioner to act as its agent, opening at $245,000 and bidding increments of $1,000 up to the amount of the debt, if necessary to best any competition. The Commissioner did not follow those instructions, however, and knocked down the property to Cronus Projects at $252,000.

MERS persuaded the district judge not to confirm this sale. Illinois permits a court to deny confirmation if "justice was . . . not done" at the sale, see 735 ILCS 5/15-1508(b)(iv), and the judge thought the outcome unjust for two reasons: first, the Commissioner had fouled up; second, the Estrellas would be saddled with a deficiency judgment of $54,000 that could have been reduced or eliminated had bidding continued. The judge ordered a second sale to be held.

Before that could occur, Cronus filed an appeal. Both sides assured us in their jurisdictional statements that 28 U.S.C. §1291 authorizes an appeal. Yet how could the decision be "final" when the judge has ordered a new sale? This litigation is ongoing; sale of the property given as security is a means to collect the debt, which is the underlying claim. Only after a fresh sale will we know who gets the property, at what price, and what deficiency judgment (if any) will be entered against the Estrellas. Only then will the litigation be over. An order refusing confirmation and directing a new sale to be held is no more "final" than an order setting aside a jury's verdict and directing a new trial to be held. On an appeal from the result of a new sale (or new trial), the court may conclude that the initial outcome was correct and direct that it be reinstated. So it has long been established that orders denying confirmation to judicial sales are not final decisions. See, e.g., *Butterfield v. Usher*, 91 U.S. 246 (1896); *Levin v. Baum*, 513 F.2d 92 (7th Cir. 1975) (Stevens, J.); *SEC v. American Board of Trade*, 829 F.2d 341 (2d Cir. 1987). (*Levin* dismissed an appeal from an order vacating the confirmation of a sale; it was not

final, the court held, because another sale lay in prospect. That's the very situation that obtained when Cronus appealed.)

Stephen D. Richek, who represents Cronus, failed to do any research into the requirements of federal appellate jurisdiction before filing this appeal. Worse, James V. Noonan of Noonan & Lieberman, who represents MERS, represented to this court that Richek's jurisdictional statement was "complete and correct" although he *knew* of the jurisdictional problem. Noonan had asked the district court to hold the second sale promptly, contending that Richek's appeal did not affect the district court's control over the litigation because the order was not a final decision and thus was not appealable. Noonan's memorandum cited only Illinois decisions, which are irrelevant to the interpretation of §1291, but it captured the essential point. Noonan failed in his duty to alert this court to a jurisdictional problem. See Fed. R. App. P. 28(a)(4)(B); Circuit Rule 28(a)(3) and (b); *Espinueva v. Garrett*, 895 F.2d 1164, 1166-67 (7th Cir. 1990).

Worse *still*, both Richek and Noonan failed to flag the problem for this panel even after the court issued a jurisdictional briefing order in *Wells Fargo Bank v. Padua*, No. 04-2636, an essentially identical appeal that Richek had filed, and in which Noonan & Lieberman represents the appellee. On July 1, 2004, the court's staff questioned jurisdiction and directed Richek to explain why that appeal should not be dismissed. On October 26 a motions panel in *Padua* drew the parties' attention to *Levin* and directed both sides to address its significance. Their responsive memoranda conceded that the appeal had been filed without jurisdiction. Yet neither Richek nor Noonan drew the problem to this panel's attention—either after July 1 (MERS filed its main brief, and Cronus its reply brief, after that date) or after October 26. When oral argument occurred on November 5 both lawyers expressed surprise that appellate

jurisdiction was at issue—after all, the court had not issued a comparable order in *this* appeal. Both counsel and the judiciary must inquire whether jurisdiction exists. That a court inquires at oral argument rather than by earlier order does not justify or excuse lawyers' indifference to the subject. In memoranda filed at our direction after oral argument, both sides again conceded (as they had in *Padua*) that appellate jurisdiction is lacking. This is something they should have said without prodding—and without conveying the impression that they would have been delighted to have the court overlook the shortcoming and issue a decision on the merits. This has been a sorry performance by members of our bar. Both Richek and Noonan deserve (and hereby receive) a public chastisement.

As it happens, there may be a problem with subject-matter jurisdiction as well. MERS is not the lender. It is a membership organization that records, trades, and forecloses loans on behalf of many lenders, acting for their accounts rather than its own. Its web site, <http://www.mersinc.org/>, describes its organization and operation. MERS is a Delaware corporation with its principal place of business in Virginia, and as the Estrellas are citizens of Illinois everyone (including the district judge) has treated complete diversity as established. Yet it is the citizenship of the principal, and not that of the agent, that matters. See, e.g., *Indiana Gas Co. v. Home Insurance Co.*, 141 F.3d 314, 318-19 (7th Cir. 1998); *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591 (7th Cir. 1990).

A trustee with title to the corpus is treated as a principal even though someone else enjoys the beneficial interest, see *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), but as far as we can see MERS is not a trustee. It is a nominee only, holding title to the mortgage but not the note. Each lender appears to be entitled not only to payment as the note's equitable (and legal) owner but also to control any litigation and settlement. The arrangement is

similar to that in *Coal Co. v. Blatchford*, 78 U.S. (11 Wall.) 172 (1871), which held that the lender's citizenship controls. Cf. 28 U.S.C. §1359. Papers filed in the district court identify Prism Mortgage, an Illinois corporation, as the lender, so federal jurisdiction is doubtful. Perhaps, however, we are missing something (the parties have not briefed this question), and at all events lack of appellate jurisdiction prevents us from finally resolving the question whether subject-matter jurisdiction exists. This should be the district judge's next order of business.

If despite appearances this litigation belongs in federal court, then before holding a new sale the district judge also should consider the significance of a concession MERS has made in this court: that there is no basis in Illinois law for treating the Commissioner as the lender's agent. Whoever conducts the auction and certifies the results should be a neutral, yet MERS tried to make the Commissioner its puppet. It is not clear to us why MERS should benefit from a second auction after its effort to conscript the auctioneer failed. Moreover, to the extent that the Commissioner really was MERS's agent, then his errors redound to its detriment. Why should Cronus suffer for a gaffe by MERS's agent? See *Lomas & Nettleton Co. v. Wiseley*, 884 F.2d 965 (7th Cir. 1989). It is easy to protect the Estrellas: the district judge has discretion to deny the lender a deficiency judgment, when a price shortfall at an auction results from negligence of the lender or its agent. Because we lack appellate jurisdiction, we cannot review the merits of the district court's decision, but we urge the judge to look at this again if the federal court has jurisdiction to resolve the dispute at all.

The appeal is dismissed for want of jurisdiction.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*