J-A32001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-1 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL G. FELDMAN AND LESLIE A. FELDMAN | |
| Appellants | No. 3541 EDA 2013 |

Appeal from the Order November 5, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): Case No. 2012-24465

BEFORE:  PANELLA, J., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 25, 2015**

Appellants, Michael G. Feldman and Leslie A. Feldman, appeal from the

order entered November 5, 2013, by the Honorable Thomas C. Branca,

Court of Common Pleas of Montgomery County, which entered Summary

Judgment in favor of Appellee, U.S. Bank National Association, as Trustee,

on behalf of the holders of the CSMC Mortgage-Backed Pass-Through

Certificates, Series 2007-1 ("U.S. Bank").  We affirm.

Preliminarily, we are constrained to note that Appellants' brief filed in

this matter does little to aid our review of the claims raised therein.

---

[*] Former Justice specially assigned to the Superior Court.

Appellants' brief, at best, provides a skeletal outline of this case. Rule 2117(a)(4) of the Pennsylvania Rules of Appellate Procedure requires an appellant to include in their brief a statement of the case, which shall contain "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy." Pursuant to Rule 2118 of the Pennsylvania Rules of Appellate Procedure, the summary of argument "shall be a concise, but accurate, summary of the arguments presented."

Herein, Appellants fail to provide a chronological statement of facts, instead opting to "incorporate by reference" the minimal procedural history provided on page 11. Likewise, Appellants' Summary of the Argument consists of four terse sentences, which amount to a regurgitation, without context, of the issues Appellants raise on appeal. This Court is empowered to dismiss appeals when substantial defects in a brief impede us from conducting meaningful appellate review. **See** Pa.R.A.P. 2101. However, as our review of the certified record quickly reveals that Appellants' claims are patently meritless, we will proceed to dispose of the issues raised on appeal.

We admonish counsel, Matthew B. Weisberg, Esquire, to comply with our Rules of Appellate Procedure in the future.

The record reveals that on December 6, 2006, Appellants executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as a nominee for Credit Suisse Financial Corporation, for property located at 1540 Jarrettown Road, Dresher, PA 19025. The mortgage was recorded in the

Montgomery County Recorder of Deeds Office in Mortgage Book 11990, Page 662. The mortgage was assigned to Appellee, U.S. Bank, by written assignment dated April 30, 2010, and duly recorded in the Montgomery County Recorder of Deeds Office on May 11, 2010. The mortgage was modified by a written loan modification agreement signed by Appellants on April 28, 2010, and recorded May 11, 2010.

On September 11, 2012, U.S. Bank filed a complaint in mortgage foreclosure. Appellants filed preliminary objections, which the trial court denied. Appellants filed an answer to the complaint, generally denying the averments alleged in the complaint, along with a new matter. U.S. Bank filed a reply to Appellants' new matter.

On September 27, 2013, U.S. Bank filed a motion for summary judgment. As part of their motion, U.S. Bank attached the affidavit of Bret Cline, a representative of Select Portfolio Servicing Inc., the mortgage-servicing agent for U.S. Bank. In his affidavit, Cline stated that Appellants defaulted on the mortgage in February 2012 and owed a principle balance of $823,753.37. Appellants filed their response on October 23, 2013, arguing, *inter alia*, that the rule in **Nanty-Glo v. American Surety Co.**, 163 A. 523 (Pa. 1932), prohibited the entry of summary judgment in favor of U.S. Bank. The trial court granted U.S. Bank's motion for summary judgment on November 5, 2013. This timely appeal followed.

We review a challenge to the entry of summary judgment as follows.

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

**E.R. Linde Const. Corp. v. Goodwin**, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

In actions for *in rem* foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant admits that he had failed to make payments due and fails to sustain a cognizable defense to the plaintiff's claim. **See Gateway Towers Condo. Ass'n v. Krohn**, 845 A.2d 855, 858 (Pa. Super. 2005); **First Wis. Trust. Co. v. Strausser**, 653 A.2d 688, 694 (Pa. Super. 1995).

Appellants first argue that U.S. Bank was without standing to enter judgment in this matter. Pennsylvania Rule of Civil Procedure 2002(a) provides that "[e]xcept as otherwise provided ... all actions shall be prosecuted by and in the name of the real party in interest...." Pa.R.C.P. 2002(a). A 'real party in interest,' as required to have standing to maintain

an action, is the person who has the power to discharge the claim upon which suit is brought and to control the prosecution of the action brought to enforce rights arising under the claims. See *Spires v. Hanover Fire Ins. Co.*, 70 A.2d 828, 831 (Pa. 1950), *overruled in part on other grounds by Guy v. Liederbach*, 459 A.2d 744 (Pa. 1983). Where an assignment is effective, however, the assignee stands in the shoes of the assignor and assumes all of his rights. *See Smith v. Cumberland Group, Ltd.*, 687 A.2d 1167, 1172 (Pa. Super. 1997). It therefore follows that "the assignee is usually the real party in interest and action on the assignment must be prosecuted in his name." *Wilcox v. Regester*, 207 A.2d 817, 820 (Pa. 1965).

Although Appellants maintain that the original holder of the mortgage, MERS, did not have the authority to assign the mortgage to U.S. Bank, they provide no binding authority to support his claim. Regardless, we find the mortgage note itself belies Appellants' argument. The mortgage lists MERS[1]

---

[1] MERS aims to facilitate "by streamlining, successive interbank sales of mortgages." *Union County, Ill*. *v. MERSCORP, Inc.*, 735 F.3d 730, 732 (7th Cir. 2013). As the Court explained:

> Although MERSCORP [the parent company of MERS] is the mortgagee of record, the assignment of a mortgage to it is not substantive. MERSCORP is not the lender; and as it does not pay the assignor for the assignment it does not become the lender—in fact it has zero financial interest in the mortgage. In a previous decision we described MERSCORP as "a membership organization that records, trades, and forecloses loans on behalf of many lenders, acting for their accounts rather than its own."

*(Footnote Continued Next Page)*

as the mortgagee under the security instrument and as nominee for lender, Credit Suisse Financial Corporation. The mortgage further provides that:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) **and to the successors and assigns of MERS**, the following described property….

Mortgage at 3. Clearly, the security instrument specifically contemplates MERS's authority to assign its interest under the note, and Appellants' continued obligation to the assigns thereafter. Appellants' unsupported claim that MERS was without the authority to do so is without merit.

We likewise reject Appellants' argument that the assignment to U.S. Bank was in some manner defective. The Assignment of the Mortgage to U.S. Bank was recorded with the Bucks County Recorder of Deeds on May 11, 2010. Significantly, Appellants signed and recorded a written loan

_(Footnote Continued)_ ───────────

> ***Mortgage Electronic Registration Systems, Inc. v. Estrella***, 390 F.3d 522, 524–25 (7th Cir.2004). The purpose of assigning a mortgage to MERSCORP is merely to enable repeated de facto assignments of the mortgage by successive mortgagees. We call those assignments "de facto" because MERSCORP remains the official assignee (it prefers to be called the "nominee" of the lender and of the lender's successors and assigns). These "assignments" are not recorded, and so B in our example can transfer the mortgagor's promissory note—the homeowner's debt to the bank—to another financial institution without the transfer being recorded in a public-records office.

***Id***.

modification agreement with U.S. Bank, *acknowledging the fact of the mortgage assignment*. U.S. Bank subsequently filed a complaint in foreclosure on September 11, 2012. In its complaint, U.S. Bank set forth the date and existence of the mortgage under which MERS, as nominee for Credit Suisse Financial Corporation, was mortgage holder, and the mortgage had been assigned to U.S. Bank and recorded as such. **See** Complaint, 9/11/12 at ¶¶3-4. We are, therefore, satisfied that U.S. Bank sufficiently advised Appellants of its claim of interest to the subject mortgage and find no defect apparent on the face of the recorded assignment. **See**, **e.g.**, **US Bank N.A. v. Mallory**, 982 A.2d 986 (Pa. Super. 2009). Therefore, this claim, too, is without merit.

Lastly, Appellants argue that summary judgment was improperly entered based on the testimonial affidavit attached to the complaint in violation of the rule announced in **Nanty-Glo v. American Surety Co.**, 163 A. 523 (Pa. 1932). Pursuant to **Nanty-Glo**, "summary judgment may not be entered where the moving party relies exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact **except** where the moving party supports the motion by using **admissions of the opposing party** or the opposing party's own witness." **First Philson Bank, N.A. v. Hartford Fire Insurance Co.**, 727 A.2d 584, 587 (Pa. Super. 1999) (emphasis added; citation omitted).

As noted above, Appellants responded with general denials to the material portions of U.S. Bank's complaint. **See** Defendant's Answer with New Matter, 4/10/13. General denials constitute admissions where—like here—specific denials are required. **See** Pa.R.C.P. 1029(b). Furthermore, "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." **Strausser**, **supra**, at 692; **see** Pa.R.C.P. No. 1029(c) *Note.* By their general denials and claims of lack of knowledge, Appellants admitted the material allegations of the complaint, which permitted the trial court to enter summary judgment on those admissions. Finally, insofar as Appellants contend that the affidavit constitutes hearsay, we note that the referenced loan history documents are records of regularly conducted activity, or business records, and would be admissible at trial with proper foundation. **See** Pa.R.E. 803(6); 42 Pa.C.S.A. § 6108.

Based on the foregoing, we find no abuse of discretion in the trial court's entry of summary judgment in favor of U.S. Bank.[2]

_____

[2] We note that the trial court quashed Appellants' appeal in its Rule 1925(a) opinion based upon its conclusion that the appeal violated Pennsylvania's long-standing prohibition against hybrid representation. **See** Trial Court Opinion, 4/8/14 at 2. We disagree that the instant appeal constituted hybrid representation and decline the trial court's request to quash the instant appeal. In so doing, we note that "[w]e are not bound by the rationale of
*(Footnote Continued Next Page)*

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015

---

the trial court and may affirm on any basis." ***Southwestern Energy Production Co. v. Forest Resources, LLC***, 83 A.3d 177, 184-185 (Pa. Super. 2013), ***appeal denied***, 96 A.3d 1029 (Pa. 2014) (citation omitted).